CHASEZ, Judge.
The plaintiffs herein, Christopher L. Minor, Jr., Cleveland McNeil, Barbara Williams Johnson and Shirley Williams *237 Camp, filed suit against the defendants, Maryland Casualty Company and Kelly-Generes Construction Company, for damages as a result of personal injury sustained by them when as guest passengers of one Frederick Marsh, the said Marsh’s car violently crashed into a truck-trailer owned by defendant, Kelly-Generes Construction Company, on which the Maryland Casualty Company was a liability insurer. This accident took place at approximately 5:30 a. m., on March 6, 1962, in the 2900 block of Florida Avenue near Feliciana Street, where the truck-trailer of the defendant, Kelly-Generes Construction Company, was parked, unattended, partially on the traveled portion of the roadway without proper lighting, signals or other safety devices. The trailer was in this position for several days prior to the accident and was used by the Kelly-Generes Construction Company as a tool house and quarters for employees to change wearing apparel. Plaintiffs allege that while being driven uptown on Florida Avenue by Frederick Marsh, the vision of Frederick Marsh became obscured by headlights of oncoming vehicles and he violently crashed into the defendant’s truck-trailer; that the sole and proximate cause of the accident was the negligence of the defendant, Kelly-Generes Construction Company, in permitting its property to obstruct and partially occupy the traveled portion of a roadway at night without proper lighting, warning flares, reflectors or any other safety devices, in violation of the Highway Regulatory Acts and the traffic ordinances of the City of New Orleans; and that this action of the defendant constituted a nuisance and hazard to all vehicular traffic.
Frederick Marsh, the driver of the vehicle in which plaintiffs herein were passengers, intervened in this matter alleging that he was driving his 1951 Plymouth automobile uptown on Florida Avenue and that because his vision was obscured by headlights of oncoming vehicles did smash violently into the rear of the truck-trailer herein-above mentioned, which partially occupied the roadway and traffic lane; that the collision with said truck-trailer was caused by the negligence of the owner thereof, Kelly-Generes Construction Company, in leaving same parked on the roadway and traffic lane, contrary to law, and as a result of said collision he suffered personal injuries and property damage for which he seeks judgment against both defendants, Kelly-Generes Construction Company and Maryland Casualty Company.
The defendant, Kelly-Generes Construction Company answered generally denying all of the allegations of the original plaintiffs herein and averred specially that this accident was not caused by defendant but was caused solely through the recklessness and negligence of Frederick Marsh in operating a vehicle under the influence of intoxicants, at an excessive rate of speed and in failing to see the 3(7 trailer that he ran into; alternatively, said defendant alleges the plaintiffs were contributorily negligent by remaining in the automobile operated by Marsh with full knowledge that the said Marsh was under the influence of intoxicants, was speeding and was generally inattentive to road hazards.
The said defendants filed a general denial to the intervention of Frederick Marsh, and urged the same defenses thereto that they asserted against the suit of the plaintiffs.
A stipulation was entered into the record by all counsel which permitted:
1. The introduction of evidence of plaintiffs’ exhibits, marked P 1-A through K for identification, said exhibits being eleven 35 millimeter color slides taken by Mr. Abraham P. Friedman on March 7, 1962, the day following the accident.
2. Three 35 millimeter color slides, being photographs of Cleveland McNeil, one of the plaintiffs herein, taken by Mr. Felix Salassi, L. S. U. Medical School photographer on March 8, 1962.
*238 3. A copy of the traffic ordinance of the City of New Orleans, No. 828 MSC, Code, City of New Orleans, 1956, as amended by Ordinance No. 1434 MSC.
4. Four 8x11 glossy photographs, marked D-l through D-4, on behalf of defendants.
5. Stipulation by all parties that the property damage suffered by inter-venor, Frederick Marsh, to the 1951 Plymouth automobile amounted to the sum of $150.00.
Interrogatories on behalf of petitioners were propounded to the Kelly-Generes Construction Company and Maryland Casualty Company under the provisions of LSA-Code of Civil Procedure Article 1491 and the answers thereto form part of the record.
After trial of the case on the merits, the District Judge rendered a judgment in favor of the plaintiffs and against both the defendants, Kelly-Generes Construction Company and Maryland Casualty Company in solido, primarily for the reason that the defendant, Kelly-Generes Construction Company in parking its truck-trailer partially on the roadway at night without lights or flares or guards of any kind was guilty of negligence and additionally held that the defendants failed to sustain the burden of proving contributory negligence on the part of the plaintiffs herein. The court rendered judgment in favor of the defendants, Maryland Casualty Company and Kelly-Generes Construction Company, dismissing the suit of the intervenor, Frederick Marsh, holding the said Marsh was guilty of contributory negligence in the operation of his Plymouth automobile, primarily because he made no effort to stop his car or apply his brakes when he was partially blinded by the lights of oncoming traffic.
From this judgment of the court the defendants, Kelly-Generes Construction Company and Maryland Casualty Company, and the intervenor, Frederick Marsh, have taken suspensive appeals. The plaintiffs, Christopher Minor, Jr., Cleveland McNeil, Barbara Williams Johnson and Shirley Williams Camp, have answered the appeal of the defendants and prayed that the judgment appealed from be amended by increasing the awards allowed to the several appellees and further that the court award the plaintiffs and appellees damages against said defendants for having taken a frivolous appeal.
This record and the evidence adduced on the trial of this case clearly shows that the defendant, Kelly-Generes Construction Company left the truck-trailer parked in a dangerous manner, partially on the traveled portion of the roadway of Florida Avenue; that this trailer was used by said construction company for housing its tools and permitting personal use by its employees and was in such position for several days prior to the accident, and apparently at all times, but particularly at the time of this accident, said truck-trailer was so parked without proper lighting, flares, warning signs or other safety devices. That the photographic evidence, as well as the oral evidence, in this record indicates clearly that a portion of this trailer did occupy a portion of the traveled roadway contrary to law, both the statutes of the State and the ordinances of the City of New Orleans; that because of this negligence of the said defendant, Kelly-Generes Construction Company, the collision occurred which caused the damage and personal injuries suffered by the four plaintiffs herein, thus making said defendant and its liability insurer liable to said four plaintiffs.
The District Court awarded a judgment in favor of the plaintiff, Shirley Williams Camp, and against the defendants, Maryland Casualty Company and Kelly-Generes Construction Company, in solido, for the sum of $3,500.00, with legal interest from judicial demand, until paid and all costs. The record discloses that this plain *239 tiff suffered a lineal scar on the margin of the tongue, a two centimeter scar with keloid formation below the lower lip, muscle spasm and sprain of the neck, indu-ration, tenderness and hardness over the left hip, scars on the left knee, an area of induration on the left leg, scars and discoloration of the left leg, puncture wound of the right leg, and swelling and discoloration and tenderness of the left foot. The physician diagnosed her injuries as cerebral concussion, neck sprain “whiplash,” and the injuries to the teeth and lips in addition to the multiple contusions and abrasions of the left hip, left knee, right and left legs and left foot. An oral surgeon consulted found mobility and tenderness to the upper central incisors and stated that X-rays showed a radial loosened area above the apex of both these teeth indicating an abscess formation. The court feels that the award of $3,500.00 to Shirley Williams Camp for the above recited injuries sustained by her is inadequate and this sum should be increased to the sum of $6,500.00.
The court awarded Cleveland McNeil the sum of $3,000.00, against both defendants, in solido, with legal interest from judicial demand until paid and for all costs. The record discloses that McNeil remembers awakening at the Charity Hospital while his face was being stitched. That the face laceration suffered by him was completely down the front of the face, from the eye to the chin, and that he had another cut on his right knee. He lost two of his teeth in the accident. These teeth are still missing and have not been replaced. The doctor described the face laceration as a “lineal scar, extending from the outer portion of the lower left eyelid toward the side of the nose, to the mid portion, or the lower portion of the left—immediately below the lateral margin of the nose on the left,” as a thickened scar with keloid formation extending down to the vermilion margin of the lip, then extending from the mid-vermilion margin—-mid portion, left half of the lip, lower lip, with a keloid formation extending on to the chin, measuring approximately 6 centimeters, which keloid formation is especially prominent and easily palpable in the portion adjoining the lower lip. The scar appears to be nontender. The doctors indicated that this scar is permanent and nothing further can be done with reference to it.
In view of the personal injuries sustained by plaintiff, Cleveland McNeil, which embraces the scar above described with keloid formation completely up and down the center of the face, with a piece of the flesh missing from his nose and the loss of two teeth, the said defendant should be awarded the sum of $6,000.00, and the judgment of the court shall be amended to that extent.
The District Court awarded judgment in favor of Barbara Williams Johnson and against the defendants, Maryland Casualty Company and Kelly-Generes Construction Company, in solido, for the sum of $1,750.00, with legal interest thereon from date of judicial demand and all costs. The record discloses that she sustained a fractured nose, cuts and scratches and was thrown to the floor of the car; that her face became swollen and she was dizzy and unable to stand; that at the time she was pregnant and although she had felt movement of the unborn child prior to the accident, after the accident this movement ceased. Concerned, she discussed the matter with her doctor. She remained in bed for a month after the accident and ultimately experienced a normal birth of her child. The court is of the opinion that, because of the fracture through the central portion of the left nasal bone, the understandable concern regarding the possible loss of her child, the severe cerebral concussion sustained, the dizziness and headaches suffered for the eight months prior to the trial an award of $3,000.00 should be made in favor of said plaintiff, Barbara Williams Johnson, and the judgment of the District Court shall be so amended.
The District Court rendered judgment in favor of Christopher L. Minor, Jr., and against defendants, Maryland Casualty *240 Company and Kelly-Generes Construction Company, in solido, for the sum of $2,000.00, with legal interest thereon from judicial demand, until paid. The record discloses that Christopher L. Minor, Jr., who was 29 years old at the time of the accident, was sleeping when the accident occurred and his first recollection after the accident is that of being aided from the car by police officers; that he felt dead on one side; that his face was swollen and he had cuts on his arms and legs and on the inside of his mouth; he testified that he had pain in his face, particularly when the weather is cold and when he tries to eat. There is a history of coughing up blood and multiple cuts on the legs, left hand, wrist and forearm. X-rays reveal three face fractures, one in the interior margin of the orbit of the left eye and the second involved the anterior lateral wall of the left antrum with overriding of the fragments of bone involved in this fracture and the third was at the juncture of the proximal and middle thirds of the malar arch. The doctor testified that the injury would be a painful injury and that rather large bones were involved. When asked about the persistent pain described by the plaintiff, the doctor stated he thought that with this degree of injury that it would be anticipated that the person would have some discomfort there for a long period of time. The court believes that the award to this plaintiff should be increased from $2,000.00 to $3,000.00 and the judgment of the District Court will be so amended.
The court is of the opinion that the conclusion of the District Judge that the intervenor, Frederick Marsh, was guilty of contributory negligence, which bars his recovery against the defendants, is correct and the judgment in this respect is affirmed.
The evidence of intervenor appearing in the record on this matter, reads as follows:
“Q. You had already passed Feli-ciana?
“A. Yes.
“Q. What happened?
“A. The car was coming toward me, has his bright lights on, and I couldn’t hardly see. And I left my foot up off the gas to let him pass. Before I could hit the brake or anything, I hit the trailer.
“Q. Did you know this trailer was there ?
“A. No.
“Q. At any time before you struck the trailer, did you see the trailer ?
“A. No, sir.”
On page 21, intervenor testified as follows :
“Q. What is the speed limit on Florida Avenue ?
“A. I don’t know. I think it’s thirty, though.
“Q. It might be twenty?
“A. Might be.
“Q. You do not know?
“A. Not exactly.
“Q. You were going about thirty, anyway, is that right?
“A. Yes.
“Q. Did you have headlights on your car?
“A. Yes.
“Q. Were they working?
"A. Yes.
“Q. Were they on?
“A. Yes.
“Q. Did you pass any cars in the two or three blocks before you hit the trailer ?
“A. Just had one car coming toward me.
*241 "Q. Did you pass any cars, go around them?
“A. No.
“Q. Did any cars pass you before you hit the trailer?
“A. No.
“Q. How far away was this car that you say had the bright lights and blinded you when you hit the trailer ?
“A. I’d say it was about a block and a half or so.
“Q. So when you hit the trailer this car was coming about a block and a half away toward you?
“A. Yes.
“Q. Its headlights, you say, blinded you?
"A. Yes.
“Q. Did it have four lights showing or two ?
“A. Can’t recall.
“Q. You do not recall?
“A. No.
“Q. Did you ever see that car again?
“A. No.
“Q. Did it turn off or something?
“A. No, I don’t know.
“Q. It never passed by you, did it?
“A. It passed — on the side of me like.
“Q. Did not your car turn sideways at this wreck and block Florida?
“A. Well, the car was coming and I let up off the gas. I didn’t have a chance to do nothing. I just —‘boom’—hit.
“Q. Then you swung around?
“A. I swerved a little bit.
“Q. Did you not block Florida Avenue with the left side of your car?
“A. I don’t think so.
“Q. This car, you say, was coming and it never passed by you, did it? ■
“A. Yes it did.
“Q. Did it not stop or turn off?
“A. I donlt know.
“Q. You do not have any idea?
“A. No.
“Q. You never did see that car again, did you?
“A. No.”
It is apparent, therefore, that this inter-venor himself admits that after facing blindness by the oncoming lights he did nothing at all in an effort to stop the car he was driving and crashed into the truck-trailer which had been parked partially on the paved roadway.
The District Judge heard the witness, appraised his evidence and found him guilty of contributory negligence; this finding will not be disturbed.
The court does not believe, considering all of the evidence in this case, that there should be an award to the plaintiffs based on the defendants having appealed frivolously and the claim for damages urged by the plaintiffs-appellees against the defendants for having taken a frivolous appeal is dismissed, as the question of liability is debatable.
It is therefore ordered, adjudged and decreed that the amount of the judgment in favor of Shirley Williams Camp be increased to the sum of $6,500.00; that the judgment in favor of Cleveland McNeil be increased to the sum of $6,000.00; that the judgment in favor of Barbara Williams' Johnson be increased to $3,000.00; that the *242 judgment in favor of Christopher L. Minor, Jr., be increased to the sum of $3,000.00. As thus amended, and in all other respects, the judgment appealed from is affirmed.
Amended and affirmed.