YARRUT, Judge.
This is a direct action by Plaintiffs for personal injuries and expenses sustained in an intersectional collision, admittedly caused by the negligence of Defendant’s assured. The only question is quantum.
The wife claims $20,000.00 for personal injuries, pain and suffering. At the time of the accident she was 10 weeks pregnant with her first child, which ultimately resulted in a normal birth and, in due course, another. The injuries she suffered are alleged as:
“ * * * Immediately upon impact, she was thrown violently about the automobile sustaining injuries to her head, face, body, arm, and leg; she was knocked unconscious and upon regaining her senses experienced extreme pains in the head, lacerations of the left forearm which required eight stitches, lacerations of the knee, mul *67 tiple contusions and abrasions about the head, face and body.”
The husband claims damages of $3712.50 for medical bills to date, (approximately) $200.00, hospital bills, $12.50, future hospital bills, $250.00, future medical, $750.00, physical pain and suffering, $2500.00.
The district court first rendered judgment in favor of Plaintiffs. In his reasons for judgment the trial judge stated, inter alia:
“Plaintiff (wife) alleges that she sustained injuries to her head, face, body, arm and leg; lacerations of the left forearm which required eight stitches, lacerations of the knee and multiple contusions and abrasions about the head, face and body. Petitioner further alleges that she suffered a lumbosacral sprain.
“It is the opinion of the Court that an award for Mrs. Ferrara in the amount of $3500.00 is proper under these circumstances.
“The medical bills incurred by the community amounted to $352.26. Dr. Richard Vincent’s estimate for the excision and revision of the scar on Mrs. Ferrara’s forearm amount to $600.00.
“Mr. Ferrara did not seek medical attention but suffered pain in his neck for a period of three weeks and the Court believes that an award in the amount of $300.00 for his pain and suffering is commensurate with his injury.
“Therefore, there will be judgment in favor of Mr. Ferrara in the full and true sum of $1252.26.”
On a rehearing, the district court reduced the judgment in favor of the wife from $3,500.00 to $1,500.00, and the judgment in favor of the husband from $1,252.26 to $387.50, without any written reasons.
Dr. Lyon K. Loomis, orthopedic surgeon who examined the wife on November 20, 1961, after obtaining a history of her injuries, concluded that she appeared:
“ * * * to have sustained chronic lumbosacral sprain. It is not unusual for such an injury to become aggravated during the course of pregnancy while ligaments are relaxed. It is, however, difficult to explain persistence of symptoms following pregnancy. In my opinion patient should be fitted with a wide lumbosacral corset and she should rest upon a more firm bed. Physical therapy to the low back, along with special shoe and shoe modification, also may be of help. Return appointment for one month was given.”
Dr. Richard W. Vincent, plastic surgeon, who examined her on July 7, 1961, reported her arm injury as:
“There is a scar on the lower portion of the left arm. This is where the lateral, or ulnar, aspect of the arm meets the anterior, or flexor, aspect. This scar is about 4.5 cm. in length. It is 3 to 4 mm. wide. It is slightly elevated and slightly red as compared to the adjacent skin. The scar is tender when pressure is applied.
******
“It would be my suggestion that a period of several months be allowed to elapse and if no improvement had been obtained, then an attempt might be made to excise the scar and very carefully resuture, hoping this might relieve some of the sensation. As to the appearance of the scar, it is in an area near where the movement and flexion of the elbow could cause it to become thickened, and I believe that one should be very cautious in offering too good a prognosis as far as improving the appearance of this scar is concerned. It is possible that some change in the direction of the scar, as by a z-plasty, might give some improvement.
*68 * • * * * * *
“If surgery were undertaken by me, depending on what was done, my charges would be somewhere in the neighborhood of $250 to $350, but could be set as not to exceed $350.”
Dr. Soboloff, orthopedic surgeon, who appeared for Defendant, testified he examined the wife on February 17, 1962, 13 months after the accident and found her to be cooperative and he had no reason to doubt that she was injured on January 3, 1961; found her to be friendly and apparently truthful, and believed the history she gave him. During his examination, while in the prone position, he hyperex-tended the back which caused her soreness in the lumbar segment; that direct percussion over the low lumbar segment region also caused soreness; Dr. Soboloff admitted that a pregnant woman involved in an accident, has a harder time than a non-pregnant woman.
Considering the mental anguish the wife suffered the seven months following the accident, during which she necessarily must have been haunted by the possibility she might have a miscarriage, or her first baby might be stillborn or physically or mentally afflicted and she might become sterile; and considering the injury to her knee and the forearm thin-line white permanent scar, plus the pain and suffering during her pregnancy which was aggravated by the injury, we think the original allowance to her of $3,600.00 by the District Judge was correct and should not have been reduced to $1,500.00 on the rehearing.
Regarding the reduction of the husband’s allowance from $1,252.26 to $387.50 on the rehearing, without any written reasons, we can only conclude that the District Judge disallowed the future hospital and medical bills totalling $1,000.00, because plastic surgery, with its attendant hospitalization, was found unnecessary. We think the husband should recover $212.00 medical and hospital bills actually-paid, and $500.00 for the sudden shock plus the pain and suffering for many months. Whatley v. Jones, La.App., 157 So.2d 351. Minor v. Maryland Casualty Company, La.App., 156 So.2d 235; writ refused 245 La. 85, 157 So.2d 231. Deshotels v. United States Fire Insurance Company, La.App., 132 So.2d 504. Nomey v. Great American Indemnity Company, La.App., 121 So.2d 763.
The judgment of the District Court is amended to increase the award to the wife to $3,600.00 and the award to the husband to $712.50, together with legal interest from date of demand until paid, together with all costs in both Courts.
Judgment amended and affirmed.