173 So.2d 759 (1965)
Eddie Samuel IVORY, Appellant,
v.
The STATE of Florida, Appellee.
No. 64-838.
District Court of Appeal of Florida. Third District.
April 13, 1965.
Shevin, Goodman & Holtzman and Franklin D. Kreutzer, Miami, for appellant.
Earl Faircloth, Atty. Gen., and Arden M. Siegendorf, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and TILLMAN PEARSON and CARROLL, JJ.
*760 PER CURIAM.
The appellant [defendant in the trial court], by this appeal seeks review of a conviction for violating the Florida Narcotics Law by committing a sale thereof.
The cause was tried non-jury. For reversal in this court, the appellant relies on the following particulars as error by the trial court: (1) Denial of the appellant's motion for directed verdict at the close of the State's case, where the prosecution has failed to prove a prima facie case. (2) Entering the verdict of guilty, when the defense of entrapment was raised and the facts clearly substantiate such a defense.
From the record, we find sufficient evidence to support the verdict, same being therein contained, and it should be affirmed. See: Zalla v. State, Fla. 1952, 61 So.2d 649; Dibona v. State, Fla.App. 1960, 121 So.2d 192; Sharon v. State, Fla.App. 1963, 156 So.2d 677. As to the defense of entrapment, it is apparent that from the disputed evidence it was within the prerogative of the trier of the fact to find that the defendant was the moving factor in concluding the sale and not the State investigator's. The State contends that, in view of the plea of not guilty in this cause, the accused may not avail himself of the defense of entrapment. Normally under a plea of not guilty an accused may avail himself of any defense not required by law to be specifically pleaded, and all matters of justification and excuse. See: 22 C.J.S. Criminal Law § 454.[1] Thus, the question of entrapment may be raised on a plea of not guilty. See: Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413; Wharton's Criminal Law & Procedure, Vol. 4, p. 771, § 1902. See also: Henderson v. United States, C.A.Fla., 237 F.2d 169, 61 A.L.R.2d 666. However, it also appears that the defense of entrapment is not available to a defendant who denies that he committed the offense charged, on the theory that entrapment presupposes the act charged was committed and a denial of the offense is inconsistent with the defense of entrapment. See: 61 A.L.R.2d 677, Annotation and cases cited therein. Therefore, in the case sub judice, the appellant-defendant cannot raise the defense of entrapment as his own testimony; denying the commission of the act charged precludes such a defense.
Therefore for the reasons above stated, the conviction here under review is hereby affirmed.
Affirmed.
NOTES
[1] There is no statute in Florida requiring that the defense of entrapment be specifically raised by the pleadings.