221 So.2d 760 (1969)
O'Neal Henry PEARSON, Appellant,
v.
STATE of Florida, Appellee.
No. 68-304.
District Court of Appeal of Florida. Second District.
March 26, 1969.
Rehearing Denied May 14, 1969.
*761 F. Malcolm Cunningham, of Cunningham & Cunningham, West Palm Beach, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
PIERCE, Judge.
In this case, appellant O'Neal Henry Pearson appeals to this Court from a judgment of conviction entered by the Lee County Circuit Court after a jury verdict convicting him of the unlawful sale of narcotics.
Defendant Pearson presents two grounds to this Court for reversal: (1) the trial Judge was in error in not requiring the State to disclose the identity of a confidential informer used by the State officers in developing the case against defendant, and (2) the evidence was conclusive as to entrapment of defendant and the trial Judge therefore erroneously denied the defense motion for directed verdict. We disagree on both items and affirm. We will briefly discuss the two points seriatim.

*762 (1) Identity of the confidential informer.

In the late afternoon of August 25, 1966, special deputy Bixley of the Hillsborough County Sheriff office met with two Lee County deputies, Hayes and Bludworth, at the Lee County jail. Also present was the confidential informer who was unknown to Bixley. Later the same evening Bixley and the informer visited a local tavern known as Dave's Bar in Fort Myers. The informer introduced Bixley to defendant Pearson. Bixley told defendant in the course of conversation that he wanted to get some "joints" of marijuana, in pursuance of which Pearson sold Bixley five "sticks" for $5.00. Prior to that evening Bixley had never seen Pearson but he made several "buys" of marijuana from him on later occasions before Pearson was finally arrested. Deputy Bixley testified substantially to the foregoing.
The informer did not testify, he was not produced, and he was not identified at the trial. Counsel for Pearson objected strenuously to the testimony by Bixley and demanded that the informer be produced as a State witness or at least identified. Objections and motions to such effect were uniformly denied.
Defendant Pearson in his own behalf testified that he had never seen deputy Bixley prior to the Courtroom trial, and did not sell him the five "sticks" of marijuana which had been placed in evidence. He was familiar with Dave's Bar but couldn't "say definitely" whether he was there on the night of August 25, 1966.
Under the foregoing facts there was no error in the refusal of the trial Court to require the State to produce the informer or identify him. In a similar situation the 3rd District Court, in Pearson v. State, Fla.App. 1966, 190 So.2d 425, said:
"In the circumstances presented, the trial court properly refused the motion to have the identity of the confidential informer revealed."
Decca v. State, Fla.App. 1966, 186 So.2d 92, was a case strangely parallel to the case here both in point of fact and in the contentions of the respective appellants. The charge there was sale of marijuana. The State relied upon one witness. The defendant denied the charge and offered an alibi. There was a confidential informer whom the State refused to disclose or to produce. We quote from the opinion in Decca:
"In his brief, the appellant says: `* * it is obvious that the uncorroborated testimony of one man, in effect, was the basis of the conviction herein.' In light of the opinion of the Supreme Court of Florida, in State v. Sebastian, Fla. 1965, 171 So.2d 893, and in the opinion of this court, in Wright v. State, Fla.App. 1966, 182 So.2d 264, this is no reason to find reversible error. The appellant also urges that the State should have been required to reveal the name of the confidential informant who led the State's witness to the time and place where the purchase of marijuana was completed. We reject this contention. The defendant's alibi could have been established by other witnesses."
The State is privileged to withhold, notwithstanding its relevance, the identity of persons who furnish information or otherwise aid officers in matters relating to violations of law, and such privilege is founded upon public policy and in furtherance of the public interest. State v. Hardy, Fla.App. 1959, 114 So.2d 344; Garcia v. State, Fla.App. 1959, 110 So.2d 709; Harrington v. State, Fla.App. 1959, 110 So.2d 495; Ferrara v. State, Fla. 1958, 101 So.2d 797.
The State's privilege of non-disclosure does have certain sharply defined exceptions, as pointed out by the U.S. Supreme Court in Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639, such as where the informer's identity would be relevant and of demonstrably material benefit to the defendant in establishing his *763 case at trial. This 2nd District Court in Spataro v. State, Fla.App. 1965, 179 So.2d 873, reviewed extensively the legal principles and the factual circumstances pertinent in a case involving the withheld-identity of a confidential informer, analyzing Roviaro and numerous other cases on the subject.
It is unnecessary to here dwell upon the many ramifications explored in the Roviaro and Spataro opinions or the other cases cited therein. Suffice it to say that defendant Pearson in the case sub judice made no attempt to bring himself within any of the exceptions to the general rule of non-disclosure discussed therein. It was his duty to do so under the rule announced by our Supreme Court in the later case of Treverrow v. State, Fla. 1967, 194 So.2d 250, wherein the rule was laid down that 
"Clearly, since it is the State which has the privilege of non-disclosure, the burden is upon the defendant claiming an exception to the rule to show why an exception should be invoked."
There is no merit to the point involved.

(2) The entrapment issue.

The evidence at trial established substantially the facts hereinbefore narrated. Defendant Pearson argues that such facts were so conclusive of entrapment that the trial Judge was required, as a matter of law, to direct a verdict in his favor. We do not agree.
The defense of entrapment is not available where the officer acted in good faith to discover or detect crime and merely furnished an opportunity for the commission thereof by one who had the requisite criminal intent. Koptyra v. State, Fla.App. 1965, 172 So.2d 628. It is no defense to the perpetrator of a crime that facilities for its commission were purposely placed in his way, or that the criminal act was done at the `decoy solicitation' of officers seeking to expose the criminal, or that officers feigning complicity in the act were present and apparently assisting in its commission. Hall v. State, 1940, 144 Fla. 333, 198 So. 60; 22 C.J.S. Criminal Law § 45(2), p. 138; Rodriguez v. United States, CA 5 Tex., 227 F.2d 912.
But the defense of entrapment in the instant case, even if established by the evidence (which it was not), was not available to defendant Pearson because he took the witness stand and under oath denied committing the criminal act charged, namely, the sale of the narcotic marijuana. He also denied ever having previously laid eyes on deputy Bixley, who had testified he bought the five "sticks" for $5.00. Thus, any contention of entrapment is ipso facto extinguished because it is inconsistent with his own testimony.
22 C.J.S. Criminal Law § 45(1), p. 137 states the rule:
"Commission of act charged assumed; inconsistency with other defenses. Entrapment is a positive defense, the invocation of which necessarily assumes that the act charged was committed. Accordingly, * * * where there has been such a denial the defense of entrapment cannot be successfully availed of, since one basis of the defense is absent." (Italics in text)
Ivory v. State, Fla.App. 1965, 173 So.2d 759, was a 3rd District Court case involving a narcotic conviction wherein it was contended, as here, that "the facts clearly substantiate such a defense", but in affirming the conviction the Court said inter alia:
"As to the defense of entrapment, it is apparent that from the disputed evidence it was within the prerogative of the trier of the fact to find that the defendant was the moving factor in concluding the sale and not the State investigator's. * * * However, it also appears that the defense of entrapment is not available to a defendant who denies that he committed the offense charged, on the theory that entrapment presupposes the act charged was committed and a denial of the offense *764 is inconsistent with the defense of entrapment. See: 61 A.L.R.2d 677, Annotation and cases cited therein. Therefore, in the case sub judice, the appellant-defendant cannot raise the defense of entrapment as his own testimony; denying the commission of the act charged precludes such a defense." (Emphasis supplied).
The Supreme Court of Florida in Sassnett v. State, 1945, 156 Fla. 490, 23 So.2d 618, held squarely in line with the foregoing, observing that the defense of entrapment "was not available for the reason that `entrapment' presupposes the commission of a crime".
Even so, the able trial Judge "leaned over backwards" and submitted the entrapment issue to the jury. After letting in all the testimony on both sides on the point, the Court included in his instructions to the jury the following charge:
"There has been brought before us here in the courtroom today the question of entrapment. Generally, the defense of entrapment is available to those who are instigated, induced or lured by officers or others to commit a crime which they otherwise had no intention to commit, but not to those with requisite criminal intent, who are merely furnished with the opportunity to commit crime by officers or others acting in good faith for the purpose of detecting and preventing such crime. It is within your province to judge from the evidence whether there was an entrapment or whether the requisite criminal intent existed at the time and the officer merely carried out the transaction."
So, while defendant Pearson was not legally entitled to have the defense of entrapment considered, it was in fact submitted to the jury, which decided the issue adverse to the defendant. He thus had "two bites at the cherry" and lost both of them.
The judgment of conviction appealed is affirmed.
Affirmed.
HOBSON, A.C.J., and McNULTY, J., concur.