LILES, Acting Chief Judge.
Appellant, defendant below, was informed against and charged with violation of the narcotics law in that he was alleged to have unlawfully possessed or to have had in his control a certain narcotic drug, to-wit: Cannabis Sativa, commonly known as marijuana. He was tried by jury, convicted, adjudicated guilty by the trial judge and sentenced to a term of six months to five years in the state prison.
From the record it appears that the State relied upon a witness named Joseph Canali who was an undercover officer employed by the City of St. Petersburg. He testified that his job was to ferret out and arrest the users and sellers of narcotics. He was dressed to resemble what is commonly known as a “hippie.” In the course of his work he became acquainted with *536 the defendant and several other youths of defendant’s age. He came to know the defendant at the defendant’s home and had been out with him and other youths on several occasions. On this specific occasion, to-wit: May 4, 1968, Officer Canali along with defendant, Donald McVean, together with two other youths went to a restaurant and then to a place called the Electric Zoo, which is a dance club for teenagers.
Upon arriving at the Electric Zoo, Canali and the other two youths went into the club and McVean left without saying where he was going but returned within ten or fifteen minutes and said to Canali, “Let’s get out of here.” At the suggestion of another of the youths, the group went to his parents’ house. Once in the kitchen one of the youths put a small water pipe on the table and lined the bowl with tin foil. At this juncture, Officer Canali took from the box belonging to McVean a piece of the substance and placed it in a cigarette wrapper.
Officer Canali further testified that the group went into the living room and sat down in a circle. McVean then loaded the pipe with the substance from the box. After lighting it he passed it to one of the other youths who took a couple of drags and passed it on to another. It was passed from one person to the other with each one smoking it until approximately 2:30 a. m. when all of the youths but Canali went to sleep. Canali then removed the tin foil from the pipe and placed the tin foil along with the ashes in a cigarette wrapper and placed them in his pocket. About 3:30 or 4:00 a. m. he woke everybody up and took defendant and two of the youths home.
The sample of the marijuana together with the tin foil and ashes were subsequently sent to Mr. Ward Huston, an expert, who testified that the substance removed from the box by Canali was marijuana and that the resin contained in the tin foil was the result of marijuana smoking. Upon this evidence the jury found the defendant guilty.
Appellant has assigned nine points of error committed by the trial court. We have examined all of the points, studied the record and briefs submitted by both parties, and find it necessary only to discuss the question of entrapment.
Appellaflt argues that he requested an instruction on entrapment and the trial judge indicated he would give such a charge. However, the trial judge failed to give a charge on entrapment. The record reveals that at the conclusion of the judge’s charge to the jury, the judge asked counsel for the defendant whether he had any argument to make and counsel responded that he did not. In any event, the record reveals that counsel made no objection whatsoever to the judge’s failure to give an instruction on entrapment at the trial level and that his objection entered for the first time on appeal is untimely.
 We do not believe the trial judge erred in his refusal to give an instruction on entrapment. A close and thorough study of the record reveals that Officer Canali did not ask the defendant on May 4 to purchase the marijuana. That he, in fact, did not know McVean had gone to purchase marijuana until he later advised Canali that he had purchased some “grass.”
While it is true that Officer Canali was dressed as a “hippie” and became friends with McVean for the purpose of determining whether he, McVean, or any other youths possessed or were using marijuana, this in our opinion does not constitute entrapment as that defense requires that the intent to commit the crime be placed in the mind of the defendant by the officer. See Pearson v. State, Fla.App.1969, 221 So.2d 760.
As pointed out above, the other eight points urged by defendant are without merit. Appellant having failed to show error, the judgment is therefore affirmed.
PIERCE and MANN, JJ., concur.