BARFIELD, Judge.
Calvin Wilson appeals his convictions for sale of cocaine and possession of cocaine with intent to sell or deliver, asserting that prosecutorial misconduct in closing argument denied him his right to a fair trial, that the trial court abused its discretion in denying his request for a jury instruction on entrapment, and that the court violated double jeopardy principles by denying his motion for judgment of acquittal and allowing both charges to go to the jury. We find no merit in the first two assertions of error, but agree with appellant that conviction for both crimes, arising out of a single transaction involving the same cocaine, violates double jeopardy principles.
Appellant was charged with selling a cocaine “rock” to a female undercover police officer at a bar called the “Squeeze Inn”. She had talked to appellant at the bar earlier in the evening and asked if he knew anyone “doing anything” (street language for drug transactions). She had to leave briefly, but told him she would be right back. She then met with another officer and a confidential source, whereupon it was suggested that she attempt to purchase drugs from appellant.
The officer went back to the “Squeeze Inn” to find appellant and located him at another bar, “Saul’s Place”. She told him she had been looking for him and asked him to get her some “crack”. He told her they could get some at the “Squeeze Inn”, so she drove him there in her car. She gave him twenty dollars and he returned to the car with the cocaine, but did not say from whom he got it. During the ride back to the second bar, appellant repeatedly asked the officer to give him part of the cocaine to “get a hit.” She later gave him another twenty dollars to buy more cocaine, but he did not return and she was not able to locate him again that night. The officer testified at trial that she did not see cocaine in appellant’s possession before he obtained some for her.
Appellant testified that the officer was the first to bring up the subject of buying drugs, that he did not get any money from her at that time, and that a man named Mike sold her the cocaine at the “Squeeze Inn” while he and Mike stood outside her car and she sat in the car. He admitted that she gave him twenty dollars later that evening, but testified that he did not buy drugs with it. The officer testified on rebuttal that appellant personally brought the crack cocaine to her car.
The trial court denied appellant’s motion for judgment of acquittal which was based on his assertion that he was entrapped by the female officer who went looking for him and provided him with money and transportation to procure drugs for her.
During closing arguments, the state attorney made several remarks to which defense counsel objected. Although objections to certain of the prosecutor’s comments were sustained, appellant’s counsel failed to move for a curative instruction, to strike the comments, or for a mistrial. The issue was therefore not properly preserved for appeal and the comments did not constitute fundamental error. Lara v. State, 464 So.2d 1173 (Fla.1985); Wilson v. State, 436 So.2d 908 (Fla.1983)[1]; Clark v. State, 363 *704 So.2d 331 (Fla.1978)[2]; Grant v. State, 194 So.2d 612 (Fla.1967); Ryan v. State, 457 So.2d 1084 (Fla. 4th DCA 1984), rev. den., State v. Ryan, 462 So.2d 1108 (Fla.1985); Peterson v. State, 376 So.2d 1230 (Fla. 4th DCA 1979), cert. den., State v. Peterson, 386 So.2d 642 (Fla.1980); Cooper v. Wainwright, 308 So.2d 182 (Fla. 4th DCA), cert. dismissed, 312 So.2d 761 (Fla.1975).
Appellant asserts that the trial court erred in denying his requested jury instruction on entrapment because the female undercover police officer approached men or appeared available socially to men in bars and asked them to procure drugs for her,which he asserts clearly falls within the objective entrapment criterion of police conduct which creates a substantial risk that an offense will be committed by persons other than those ready to commit it. He asserts that any evidence of his predisposition to sell drugs, as opposed to a predisposition to use drugs, was “very weak”.
The State argues that appellant was not entitled to a jury instruction on the defense of entrapment because he denied he committed the offenses charged, citing Stripling v. State, 349 So.2d 187 (Fla. 3d DCA 1977), cert. den., State v. Stripling, 359 So.2d 1220 (Fla.1978); Pearson v. State, 221 So.2d 760 (Fla. 2d DCA 1969), and Ivory v. State, 173 So.2d 759 (Fla. 3d DCA), cert. den., 183 So.2d 212 (Fla.1965) (.Pearson and Ivory both involved defendants who denied selling narcotics).
In Mathews v. U.S., 485 U.S. 58, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988), the Court held that the defendant, who denied the intent element of the offense with which he was charged, was nevertheless entitled to an instruction on the defense of entrapment if the lower court concluded that he had presented sufficient evidence of entrapment, and remanded for that determination. We find Mathews distinguishable from the instant case on its facts: Matthews did not deny the act, but only the intent element of the offense, whereas Wilson denied that he had sold the officer the cocaine. However, because of our uncertainty. regarding the scope of the application of the principles upon which Mathews was decided, we certify to the Florida Supreme Court the following issue as a matter of great public importance:
Whether a defendant who denies having done the act which constitutes the offense charged is entitled to a jury instruction on the defense of entrapment?
On the authority of Wheeler v. State, 549 So.2d 687 (Fla. 1st DCA 1989), we REMAND to the trial court with instructions to vacate one of appellant’s convictions and to recalculate his sentence. We also certify to the Florida Supreme Court the following issues, which were certified in Wheeler as matters of great public importance:
Whether the Florida Legislature intended separate convictions and sentences for possession of a controlled substance with the intent to sell and sale of the same controlled substance, arising out of the same criminal transaction, when both offenses appear to be alternate ways of violating section 893.13(l)(a), Florida Statutes (1987)?
Whether the supreme court’s approval of Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988), in State v. Smith, 547 So.2d 613 (Fla.1989), was intended to overrule its earlier opinion in Smith v. State, 430 So.2d 448 (Fla.1983)?
If Smith v. State, 430 So.2d 448 (Fla. 1983), has been implicitly overruled by State v. Smith, 547 So.2d 613 (Fla.1989), should the schedule of lesser included offenses contained in the Florida Standard Jury Instructions in Criminal Cases (2d Ed., Supp.1987), be amended to re- *705 fleet that possession is a category one, necessarily included offense of sale?
JOANOS and WIGGINTON, JJ., concur.

. A petition for writ of habeas corpus was granted in Wilson v. Wainwright, 474 So.2d 1162 (Fla.1985), and the appeal was decided on other *704 grounds in Wilson v. State, 493 So.2d 1019 (Fla. 1986).

. In State v. DiGuilio, 491 So.2d 1129, 1137 (Fla. 1986), the Florida Supreme Court held that comment on post-arrest silence was not per se reversible error, and overturned the portion of Clark v. State to the contrary.