577 So.2d 1300 (1991)
Calvin WILSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 75012.
Supreme Court of Florida.
March 14, 1991.
Rehearing Denied May 2, 1991.
Nancy Daniels, Public Defender and Kathleen Stover, Asst. Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and John M. Koenig, Jr., Asst. Atty. Gen., West Palm Beach, for respondent.
GRIMES, Justice.
Pursuant to article V, section 3(b)(4) of the Florida Constitution, we review Wilson v. State, 549 So.2d 702, 704 (Fla. 1st DCA 1989), in which the district court of appeal certified the following question as being one of great public importance:
Whether a defendant who denies having done the act which constitutes the offense charged is entitled to a jury instruction on the defense of entrapment?
Wilson was charged with the sale of cocaine and with possession of cocaine with intent to sell. At trial, an undercover police officer testified that she gave Wilson twenty dollars with which he bought and delivered to her a small piece of crack cocaine. Wilson's counsel requested an entrapment instruction. The trial judge refused to give the instruction because Wilson had testified that he never possessed any cocaine and that the officer had made the purchase from another man. Wilson was convicted of both crimes. On appeal, the court held that Wilson was not entitled to the entrapment instruction because he denied having committed the offenses.[1]
Florida courts have consistently applied the rule that one who denies committing the act that constitutes the offense cannot claim entrapment. Neumann v. State, 116 Fla. 98, 156 So.2d 237 (1934); Mellins v. State, 395 So.2d 1207 (Fla. 4th DCA), review denied, 402 So.2d 613 (Fla. 1981); Pearson v. State, 221 So.2d 760 (Fla. 2d DCA 1969); Ivory v. State, 173 So.2d 759 (Fla. 3d DCA), cert. dismissed, 183 So.2d 212 (Fla. 1965). However, the *1301 district court of appeal chose to certify the entrapment question in this case because of its uncertainty regarding the scope of the application of Mathews v. United States, 485 U.S. 58, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988), recently decided by the United States Supreme Court.
In Mathews, the defendant was a Small Business Administration (SBA) official who was responsible for providing certain small businesses with government contracts that the SBA would then help them perform. The president of one business believed Mathews was not helping his company because he had repeatedly refused Mathews' requests for loans. Ultimately, while cooperating with the FBI, he offered the loan and Mathews accepted. Mathews was charged with accepting a gratuity in exchange for an official act. He did not deny taking the money but said he thought it was a personal loan unrelated to his official duties. He also claimed the FBI entrapped him, but the trial judge refused to instruct the jury on entrapment because Mathews did not admit every element of the crime. The United States Supreme Court reversed the conviction, holding that a defendant may, if circumstances warrant it, receive an instruction on entrapment even if he denies the criminal act.
The United States Supreme Court's decision in Mathews is not controlling authority because it was based on a construction of the Federal Rules of Criminal Procedure and did not purport to construe the United States Constitution.[2] Yet, we cannot accept the state's contention that Mathews is wholly inapplicable. While the facts of Mathews could be distinguished, the Court unmistakably held "that even if the defendant denies one or more elements of the crime, he is entitled to an entrapment instruction whenever there is sufficient evidence from which a reasonable jury could find entrapment." 485 U.S. at 62, 108 S.Ct. at 886. (Emphasis added.) Thus, the issue before us is one of policy.
Among the arguments for allowing a defendant to deny the criminal act and still plead entrapment are (1) inconsistent pleadings are allowed in civil cases, (2) certain other inconsistent defenses may be made in criminal cases, (3) entrapment is an affirmative defense that the defendant bears the burden of proving, and (4) a reasonable jury is likely to hold blatant inconsistencies against a defendant.
The most persuasive justification for precluding an instruction on entrapment when the defendant denies having committed the crime is to prevent perjury. As stated by Justice White in Mathews:
After all, a criminal trial is not a game, or a sport. "[T]he very nature of a trial [i]s a search for truth." Nix v. Whiteside, supra [475 U.S. 157], at 166 [106 S.Ct. 988, 994, 89 L.Ed.2d 123]. This observation is particularly applicable to criminal trials, which are the means by which we affix our most serious judgments of individual guilt or innocence. It is fundamentally inconsistent with this understanding of criminal justice to permit a defendant to win acquittal on a rationale which he states, under oath, to be false.
485 U.S. at 72, 108 S.Ct. at 891 (White, J., dissenting).
The logic of Justice White's observation is compelling. Accordingly, we answer the certified question in the negative, subject to the following qualification.
We believe there are some circumstances under which a defendant who claims entrapment may deny commission of the crime without necessarily committing perjury. The facts of the Mathews case provide a good illustration. The defendant admitted having accepted the loan. He only denied that he did so with the intent to bestow SBA favors upon the lender's company. See also United States v. Henry, 749 F.2d 203 (5th Cir.1984) (defendant may claim entrapment while denying criminal intent, so long as he does not deny committing the acts charged); Stripling v. State, *1302 349 So.2d 187 (Fla. 3d DCA 1977) (defendant may deny being part of the conspiracy while contending he was entrapped into committing the overt acts), cert. denied, 359 So.2d 1220 (Fla. 1978). As explained in W. LaFave and J. Israel, Criminal Procedure section 5.3, at 254-55 (1985):
In any event, where the circumstances are such that there is no inherent inconsistency between claiming entrapment and yet not admitting commission of the criminal acts, certainly the defendant must be allowed to raise the defense of entrapment without admitting the crime. Thus, the inconsistency rule does not apply when the government in its own case in chief has interjected the issue of entrapment into the case. And if a defendant testifies that a government agent encouraged him to commit a crime which he had never contemplated before that time and that he resisted the temptation nonetheless, there is nothing internally inconsistent in thereby claiming entrapment and that the crime did not occur. Asserting the entrapment defense is not necessarily inconsistent with denial of the crime even when it is admitted that the requisite acts occurred, for the defendant might nonetheless claim that he lacked the requisite bad state of mind.
Thus, we conclude that a request for an instruction on entrapment when there is evidence to support the defense should be refused only if the defendant has denied under oath the acts constituting the crime that is charged. Applying this principle to the instant case, it is clear that the trial judge properly refused to instruct on entrapment because Wilson testified that he neither possessed the cocaine nor sold it to the undercover officer. We approve the decision of the court below.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT and KOGAN, JJ., concur.
NOTES
[1] The district court of appeal vacated one of Wilson's convictions and certified three additional questions dealing with the propriety of separate convictions for both sale and possession with intent to sell or deliver arising from one transaction. Because neither side addressed these questions in this Court, we decline to consider them in this opinion.
[2] At oral argument defense counsel conceded that Mathews v. United States, 485 U.S. 58, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988), was not grounded upon the federal constitution.