PER CURIAM.
Appellant and codefendant Aristides Cruz were arrested and charged with trafficking and conspiracy to traffic in cocaine in an amount over 400 grams. They were tried together and were convicted. Cruz’s conviction was affirmed. See Cruz v. State, 621 So.2d 445 (Fla. 4th DCA 1993). He did not raise, in his appeal, the issue upon which appellant’s conviction is being reversed. The arrest was the result of an undercover operation set up by a detective and a confidential informant.
Appellant raises several points on appeal, one of which has merit, requiring reversal; namely, the trial court’s failure to instruct the jury on the issue of entrapment.
The trial court denied appellant’s request for an entrapment instruction because appellant denied that “he knowingly participated either directly or indirectly or assisted somebody else in the commission of the crime.” Its decision was based upon the rationale that a defendant who asserts that he did not commit the crime is not entitled to an entrapment defense. Appellee argues that the trial court did not err in failing to instruct the jury on entrapment because appellant testified that he had no intention of committing the crime.
Appellant argued at trial and here that his theory of defense was entrapment and that he was a victim of a “bait and switch,” i.e., that the confidential informant turned a gun deal into a drug deal and calculatedly involved appellant by pressuring him. The trial record reveals that appellant’s theory of bait and switch was presented in his opening statement. Appellant’s testimony also supported this theory as appellant testified that the confidential informant repeatedly asked and pressured appellant into helping him sell drugs to Cruz.
Appellee contends that appellant denied the acts constituting the charged crime because he denied participation in the drug deal and knowledge that the drug deal was to be consummated when and where it occurred. However, the record reveals that appellant testified that he ultimately agreed to help the confidential informant sell drugs to Cruz and that he expected money for this assistance, although he did not want to be directly involved in the actual drug deal. Appellant further testified that he expected that there would be talk of the drug deal at the Burger King, but that he did not know the deal was to be transacted at that time and place. Appellant did not deny being present when the deal was transacted, although appellant did deny seeing the cocaine. Appellant also admitted handing over the money, but claimed that he thought it was for guns, not drugs. Thus, although appel *1151 lant denied knowing that his actions were part of a drug deal, he did not deny engaging in those acts.
To us, the defendant had the right to be instructed on entrapment under these facts because he admitted that he committed the acts that resulted in the drug deal, even though he denied knowing that the deal was going down when it did. This is one of those “circumstances under which a defendant who claims entrapment may deny commission of the crime without necessarily committing perjury.” Wilson v. State, 577 So.2d 1300, 1301 (Fla.1991).
Subsequent to Wilson, the Florida Supreme Court decided State v. Weller, 590 So.2d 923 (Fla.1991). In Weller, the court approved the giving of entrapment instructions on charges of trafficking in cocaine and conspiracy to traffic in cocaine, thus affirming that portion of this district’s decision. The record that was before this court revealed that the defendant had agreed, after several meetings with undercover agents, to sell cocaine. Another man who had obtained the cocaine, not the defendant, delivered the cocaine to the undercover agents while the defendant remained in his car a good distance away. When the money and drugs were exchanged, the police arrested the defendant as well as the man who actually delivered the drugs. Under these facts, this court found that the defendant was entitled to entrapment instructions on both counts. In approving this court’s decision on this issue, the supreme court noted that “[a] defendant is entitled to an instruction as to any valid defense supported by evidence or testimony in the case.... Whether the evidence supports the defendant’s contention in such circumstances is an issue for the jury.” Id. at 927 (citations omitted).[1]
Accordingly, we reverse and remand for new trial.
GLICKSTEIN, GUNTHER and STEVENSON, JJ., concur.

. Contrary to appellant's assertion, however, the evidence presented at trial was insufficient to support a finding of entrapment as a matter of law. In the recent case of Munoz v. State, 629 So.2d 90, 100 (Fla.1993), the Florida Supreme Court explained that the entrapment issue can be decided as a matter of law only when there are no disputed facts as to whether the government induced the defendant to commit the crime and as to whether the defendant was predisposed to commit the crime. Where these facts are in dispute, the entrapment issue must be submitted to the jury. Id. In the present case, there was conflicting testimony as to both of these factual issues. Therefore, the trial court did not err in failing to find that appellant was entrapped as a matter of law.