771 So.2d 47 (2000)
STATE of Florida, Appellant,
v.
George O. ROKOS, Appellee.
No. 4D99-2423.
District Court of Appeal of Florida, Fourth District.
September 27, 2000.
Robert A. Butterworth, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellant.
William S. Abramson, West Palm Beach, for appellee.
STEVENSON, J.
In October of 1996, the State of Florida charged George O. Rokos, and his attorney T.G. Brown, with tampering with a witness and conspiracy to tamper with a witness. The instant appeal involves the charges filed against Rokos. Rokos sought to dismiss the charges against him, contending that he was entrapped. The trial court *48 agreed, found that Rokos was entrapped as a matter of law, and dismissed the charges.[1] The State of Florida now timely appeals that dismissal, contending that there were disputed issues of material fact concerning predisposition. On this point, we agree with the State that the trial judge erred in finding entrapment as a matter of law and in failing to submit the issue to a jury.
The witness that Brown and Rokos allegedly tampered with was George Kleinbach. At the time, Kleinbach had been arrested for burglary and had agreed to cooperate with police on a number of other unresolved burglaries. During the course of conversations with police, Kleinbach alleged that Brown, who was Rokos' attorney, visited him in jail and offered him money to change his testimony with regard to Rokos, Kleinbach's alleged fence who had recently been arrested for dealing in stolen property. Kleinbach agreed to wear a wire and police taped conversations between Kleinbach and Rokos. Kleinbach's allegations and the taped conversations form the basis for the witness tampering charges. Rokos' attorney moved to dismiss the charges against his client on entrapment grounds.
In the instant case, the trial court applied the three-part inquiry set forth in Munoz v. State, 629 So.2d 90, 99 (Fla. 1993),[2] and concluded (1) that Kleinbach was an agent of the government; (2) that Kleinbach induced Rokos' involvement in the criminal activity; (3) that there was no credible evidence of predisposition on the part of Rokos; and (4) that, as a result, Rokos had been entrapped. The trial judge's findings reflect that the judge resolved the issue of predisposition as a matter of law. The issue, however, should have been submitted to a jury. At the evidentiary hearing on the motion to dismiss, although Rokos expressly denied it, there was evidence that in August of 1996before the police had enlisted Kleinbach's help in the investigationRokos offered Kleinbach's lawyer, John Garcia, money to keep Kleinbach quiet. If Garcia's testimony was believed, then Rokos' actions could have demonstrated a willingness to tamper with a witness apart from any activity or inducement on the part of the government or its agents. In the face of these factual disputes, the judge was obliged, under section 777.201, Florida Statutes, to submit the issue of predisposition and the entrapment defense to the jury.
Finally, since we are reversing the order of dismissal and remanding for further proceedings, we also address the State's contention that the trial court erred in ruling, pursuant to the supreme court's decision in Wilson v. State, 577 So.2d 1300 (Fla.1991), that an entrapment defense was available to Rokos even though he denied that he offered Kleinbach money to testify falsely. In Wilson, the Florida Supreme Court recognized the long-standing rule that "one who denies committing the act that constitutes the offense cannot claim entrapment." 577 So.2d at 1300. In light of the then-recent United States Supreme Court opinion in Mathews v. United States, 485 U.S. 58, 108 *49 S.Ct. 883, 99 L.Ed.2d 54 (1988), however, the Florida Supreme Court held that, under certain circumstances, a defendant could deny that he had committed the crime and still claim entrapment.
"[W]here the circumstances are such that there is no inherent inconsistency between claiming entrapment and yet not admitting commission of the criminal acts, certainly the defendant must be allowed to raise the defense of entrapment without admitting the crime.... Asserting the entrapment defense is not necessarily inconsistent with denial of the crime even when it is admitted that the requisite acts occurred, for the defendant might nonetheless claim that he lacked the requisite bad state of mind."
577 So.2d at 1302 (quoting W. LaFave & J. Israel, Criminal Procedure § 5.3, at 254-55 (1985)). We agree with the trial court's finding that this is one of the circumstances where there is no inherent inconsistency in the defendant denying commission of the crime and still claiming entrapment.
REVERSED and REMANDED.
STONE and HAZOURI, JJ., concur.
NOTES
[1] Brown, like Rokos, claimed that he was entrapped. Ultimately, the trial court agreed with him and dismissed the charges against Brown. As it has here, the State appealed State v. Brown, No. 4D99-2048. This court found merit in the State's position on appeal and reversed and remanded, directing the trial court to reinstate the jury's guilty verdict. See State v. Brown, 767 So.2d 565 (Fla. 4th DCA 2000).
[2] According to Munoz, 629 So.2d at 99-100, the first question under the subjective test is whether a government agent induced the accused to commit the offense charged. If the answer is yes, the second question is whether the accused was predisposed, and "awaiting any propitious opportunity," to commit the crime. Id. at 99. The third question is whether the issue should be submitted to a jury, that is, whether "factual issues are in dispute or when reasonable persons could draw different conclusions from the facts." Id. at 100.