LAMBERT, J.
*270 Paul Frederick Knapp appeals the summary denial of his motion for postconviction relief alleging ineffective assistance of trial counsel filed under Florida Rule of Criminal Procedure 3.850. For the following reasons, we reverse the denial of ground one in the motion and remand for the trial court to conduct an evidentiary hearing. We affirm as to the remaining grounds raised without further discussion.
Knapp was convicted following a jury trial of traveling to meet a minor for unlawful sexual acts and solicitation of a minor via a computer.[1] Knapp's initial strategy at trial, as explained in his trial counsel's affidavit attached to Knapp's postconviction motion, was to both raise the defense of subjective entrapment and to deny the actual commission of the crimes because the State could not prove that Knapp had the requisite intent to commit these offenses. While these positions may seem contradictory, the Florida Supreme Court has held:
[W]here the circumstances are such that there is no inherent inconsistency between claiming entrapment and yet not admitting commission of the criminal acts, certainly the defendant must be allowed to raise the defense of entrapment without admitting the crime. ... Asserting the entrapment defense is not necessarily inconsistent with denial of the crime even when it is admitted that the requisite acts occurred, for the defendant might nonetheless claim that he lacked the requisite bad state of mind.
Wilson v. State , 577 So.2d 1300, 1302 (Fla. 1991) (quoting W. LaFave & J. Israel, Criminal Procedure § 5.3, 254-55 (1985) ).
Knapp's trial counsel further averred that despite this intended and permissible strategy, the trial court informed him at an unrecorded bench conference, held during voir dire, that counsel would be precluded from raising the defense of entrapment unless Knapp admitted guilt on all elements of the charged offenses. Based upon the ruling, trial counsel discontinued discussing issues of entrapment during voir dire and did not raise this defense any further.
On direct appeal, our court relinquished jurisdiction to the trial court for the purpose of reconstructing the record of this unrecorded bench conference. By this time, the judge who had presided over the trial retired. The successor judge conducted several hearings and, after considering the conflicting affidavits from the prosecutor and Knapp's counsel, as well as the testimony of the trial judge, ultimately determined that the record of the bench conference could not be reconstructed.[2] After the case was returned to our court, Knapp's judgment and sentence were affirmed without opinion. Knapp v. State , 181 So.3d 506 (Fla. 5th DCA 2015).
In ground one of his motion, Knapp argued that his trial counsel was ineffective for failing to object properly to the trial court's ruling requiring Knapp to choose between raising the defense of subjective entrapment or arguing that he lacked the requisite state of mind to commit the charged offenses. The postconviction court, now the third judge on this *271 case, summarily denied this ground for two reasons. First, the court concluded, based upon a brief colloquy between the trial judge, Knapp, and his defense counsel just prior to Knapp testifying at trial, that Knapp had not been precluded from pursuing the entrapment defense. Rather, the court found that Knapp and his counsel had made a strategic decision not to use this defense. Second, the postconviction court concluded that the entrapment defense "would not have been reasonably supported by the [trial] evidence."
"To be entitled to an evidentiary hearing on a claim of ineffective assistance, the defendant must allege specific facts that are not conclusively rebutted by the record and which demonstrate a deficiency in performance that prejudiced the defendant." Jones v. State , 845 So.2d 55, 65 (Fla. 2003). Where, as here, there was no evidentiary hearing, a court must accept the factual allegations made by the defendant to the extent that they are not conclusively refuted by the record. Freeman v. State , 761 So.2d 1055, 1061 (Fla. 2000). Our review of the postconviction court's decision to summarily deny the motion without an evidentiary hearing is de novo. Owen v. State , 986 So.2d 534, 543 (Fla. 2008).
We conclude that the postconviction court erred in summarily denying the first ground of the motion. First, Knapp and his counsel's statement to the trial court just prior to putting on their defense that they would not be arguing entrapment did not conclusively negate Knapp's assertion in his motion that the trial court had required him to choose either presenting an entrapment defense or denying the commission of the charged crimes. Knapp's response to the court's later inquiry at trial may have simply reflected Knapp's recognition that he had to decide between the two defenses and that he chose to defend the case (and to testify) on the premise that the State did not prove beyond a reasonable doubt his intent to commit the crimes. Thus, Knapp's argument in ground one that his trial attorney was ineffective at trial for not objecting to this ruling and arguing that Knapp could legitimately pursue both defenses has not been negated. Second, it is premature for the postconviction court to have conclusively determined from the record that an entrapment defense would not have been reasonably supportable when Knapp put forth no evidence of entrapment based upon what he alleges to be the trial court's earlier ruling.
Based upon the circumstances of this case, it does not appear that any additional court records could be attached to the denial order that could conclusively refute Knapp's claims asserted in ground one. Accordingly, an evidentiary hearing will be necessary to resolve this ground. At this hearing, the postconviction court will be required to make credibility determinations regarding the testimony from Knapp, his trial counsel, the prosecutor, and any other witness as to whether the trial judge precluded Knapp from pursuing both theories of defense at trial. See Shere v. State , 742 So.2d 215, 218 n.8 (Fla. 1999). The court must then decide whether Knapp has established that his counsel's performance was deficient and that he was prejudiced as a result. See Grosvenor v. State , 874 So.2d 1176, 1178 (Fla. 2004).
AFFIRMED, in part; REVERSED, in part; and REMANDED for an evidentiary hearing.
ORFINGER and EDWARDS, JJ., concur.

The solicitation conviction was set aside and dismissed by the trial court on double jeopardy grounds prior to sentencing.

The trial judge testified that he had no independent recollection of the details of the discussions at the bench conference and that his memory was not refreshed by his review of the relevant portions from the trial transcript.