395 So.2d 1207 (1981)
Cassandra MELLINS, Appellant,
v.
STATE of Florida, Appellee.
No. 80-594.
District Court of Appeal of Florida, Fourth District.
March 11, 1981.
Rehearing Denied April 15, 1981.
*1208 Martin J. Schwartz, Hollywood, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Stewart J. Bellus, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Judge.
Appellant was convicted of and sentenced for battery on a police officer. She appeals that conviction ascribing as reversible error the refusal of the trial court to give a jury instruction on the defense of voluntary intoxication. That instruction should have been given and we therefore reverse and remand the case to the lower tribunal for a new trial.
Several police officers responded to a disturbance call in the city of North Lauderdale on the evening of October 23, 1979. They discovered appellant lying on the ground and determined that she had been the victim of a beating. Police Officer Cavallo attempted to assist her to a friend's apartment and noticed a strong odor of alcohol on appellant's person. At that time she indicated that she would not prosecute her assailant. Subsequently, the purported perpetrator of the beating returned to the scene, whereupon appellant reemerged screaming obscenities. She refused to go back inside, was placed under arrest for disorderly intoxication and proceeded to strike and kick the arresting officers. She was then charged with battery on a police officer and she was tried on that charge only.
Testimony at trial indicated that she was intoxicated at the time of the incident. When she was asked whether she was intoxicated at that time, she testified that she was not.
At the charge conference defense counsel requested an instruction on the defense of *1209 voluntary intoxication. The request was denied because of appellant's testimony to the effect that she had not been intoxicated. Conviction and this appeal followed.
Appellant takes the position that there was some evidence of intoxication so that she was entitled to an instruction on this theory of defense.
Appellee counters by pointing out that while inconsistent defenses are permissible this is so only so long as proof of one does not disprove the other. In addition, appellee maintains that even if there was error in this regard it was harmless because defense counsel "fully and completely argued the meaning of intent and intoxication." Therefore, the jury had an opportunity to consider the effect of intoxication in this context so that the failure to instruct could not have "injuriously affected the substantial rights of the appellant" citing Paulk v. State, 376 So.2d 1213, 1214 (Fla. 3d DCA 1979).
There were no scientific tests made to determine whether appellant was intoxicated at the time of the alleged offense. There could therefore be no empirical evidence of intoxication. The only evidence on this issue was the testimony of the police officers. We have concluded in a previous case, however, that evidence elicited solely in the cross-examination of the state's witnesses may be sufficient to give rise to a duty to instruct on a defense suggested by that testimony. To hold otherwise would seriously jeopardize the right of the accused to refrain from testifying. Weaver v. State, 370 So.2d 1189 (Fla. 4th DCA 1979).
Voluntary intoxication is a defense to the crime of battery on a police officer, Russell v. State, 373 So.2d 97 (Fla. 2d DCA 1979), as in other crimes requiring a specific intent. Fouts v. State, 374 So.2d 22 (Fla. 2d DCA 1979). Where intent is a requisite element of the offense charged and there is some evidence to support this defense, the question is one for the jury to resolve under appropriate instructions on the law. Frazee v. State, 320 So.2d 462 (Fla. 3d DCA 1975).
The law is very clear that the court, if timely requested, as here, must give instructions on legal issues for which there exists a foundation in the evidence. Laythe v. State, 330 So.2d 113 (Fla. 3d DCA 1976).
It is not a sufficient refutation of appellant's argument to suggest that her counsel's summation sufficiently apprised the jury of the effect of intoxication on the scienter required to support the charge to relieve the Court of its duty to give an appropriate instruction. The jury is admonished to take the law from the court's instructions, not from argument of counsel. It must be assumed that this admonition is generally followed. For this reason the error may not be considered harmless.
There is one further aspect of the State's position that requires brief analysis. Relying on two cases out of the federal courts, the state argues that a defendant's specific denial negates the necessity for a jury instruction on a defense possibly raised by other evidence. Harris v. United States, 400 F.2d 264 (5th Cir.1968); Marko v. United States, 314 F.2d 595 (5th Cir.1963). In each of those cases the defendant denied committing the act which constituted the crime charged, and it was held that no jury instruction on the defense of entrapment was appropriate or required. We have no quarrel with the rule announced by those cases. The rule is that the defense of entrapment is not available to one who denies commission of the criminal act with which he is charged. Pearson v. State, 221 So.2d 760 (Fla. 2d DCA 1969); Ivory v. State, 173 So.2d 759 (Fla. 3d DCA 1965). However, we find it inapplicable here.
More in point is the rationale underlying the court's determination that a defendant could deny being involved in a conspiracy while at the same time relying on the defense of entrapment as to certain specific acts. Stripling v. State, 349 So.2d 187 (Fla. *1210 3d DCA 1977). The distinguishing feature is that the defendant could and did admit the commission of certain acts, relying on entrapment as a defense as to those, and at the same time deny that such acts were part of a conspiracy. The rule enunciated by the Stripling court, applicable in the instant case, is that "inconsistencies in defenses in criminal cases are allowable so long as the proof of one does not necessarily disprove the other." Id. at 191.
Appellant did not deny that she had been drinking. It was her opinion that she was not intoxicated. The question of intoxication is a mixed question of law and fact. If appellant denied that she had been drinking, then the defense of voluntary intoxication would not have been available to her. On the other hand, her opinion as to her state of intoxication does not have that effect for the reasons just stated.
Accordingly, we reverse appellant's conviction and remand for a new trial.
REVERSED AND REMANDED.
LETTS, C.J., and BERANEK, J., concur.