430 So.2d 549 (1983)
Jessie Lee LANDRUM, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1169.
District Court of Appeal of Florida, Second District.
April 29, 1983.
Jerry Hill, Public Defender, and Karla J. Staker, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant appeals from his conviction and sentencing, following a jury trial for burglary and grand theft. Defendant argues the trial court erred in allowing, over defendant's objection, evidence of statements made by defendant in connection with a previously tendered guilty plea which was withdrawn.
That evidence came during cross-examination when the trial court permitted the state to ask defendant whether defendant's prior statement at a guilty plea negotiation proceeding was inconsistent with defendant's *550 trial testimony. The question and answer were:
Q. Was your statement back on December 10th inconsistent with what you've testified to today?
A. As of my knowledge, I believe it is.
The trial court had previously prohibited the state from bringing out that, or asking defendant whether, the prior statement had been made at a guilty plea negotiation proceeding. We reverse.
Evidence of a prior inconsistent statement is generally permitted for impeachment purposes under the Florida Evidence Code, section 90.608, Florida Statutes (1981). However, section 90.410, Florida Statutes (1981) provides that:
Evidence of a plea of guilty, later withdrawn; a plea of nolo contendere; or an offer to plead guilty or nolo contendere to the crime charged or any other crime is inadmissible in any civil or criminal proceeding. Evidence of statements made in connection with any of the pleas or offers is inadmissible, except when such statements are offered in a prosecution under chapter 837 [the perjury statute].
See also Fla.R.Crim.P. 3.172(h).
The foregoing version of section 90.410 resulted from the amendment of that statute in 1978. Before its amendment, the statute, in pertinent part, provided:
Evidence of statements made in connection with any of the pleas or offers is inadmissible, except when such statements are offered for impeachment or in a prosecution under chapter 837. (emphasis added)
Section 90.410, Florida Statutes (1977). The amendment, by omitting the words "for impeachment," showed the clear legislative intent that such inconsistent statements would no longer be permitted for impeachment purposes. Thus, the legislature clearly intended that section 90.410 be an exception to section 90.608. The omission of any reference to the use of such statements for impeachment purposes was intentional. See Yetter, The Florida Rules of Criminal Procedure; 1977 Amendments, 5 Fla.State U.L.Rev. 268 (1977).
That there was no specific reference in defendant's cross-examination testimony to the fact that the statement had been made at a prior guilty plea proceeding does not remove the testimony from the proscriptions of section 90.410. That section does not proscribe simply references to prior pleas or plea negotiations; it proscribes "evidence of statements made in connection with" such pleas. The statute encompasses the foregoing testimony of defendant and does not permit an evasion of the statutory proscriptions by a failure to specifically identify the occasion for the prior inconsistent statement.
The state argues that even if there were error, such error was harmless under section 59.041, Florida Statutes (1981). However, we feel that the purpose of section 90.410 is of such importance that the foregoing violation of that section cannot be deemed harmless. Plea negotiations serve extremely valuable functions in the judicial process and are not to be discouraged, which we believe would be the effect of approving the admission of the foregoing type of testimony.
This result is consistent with the holding and reasoning in State v. Trujillo, 93 N.M. 724, 605 P.2d 232 (N.M. 1980). In Trujillo the Supreme Court of New Mexico discussed the similar history of rule 410, New Mexico Rules of Evidence; rule 21(g)(6), New Mexico Rules of Criminal Procedure; and rule 11(e)(6), Federal Rules of Criminal Procedure, all of which correspond to section 90.410, Florida Statutes (1981). The court in Trujillo said that
"Rule 410 embodies the public interest in encouraging negotiations concerning pleas between the criminal defendant and the State. Guilty pleas are an essential part of our criminal justice system, and candor in plea discussions aids greatly in the reaching of agreements between the defendant and the State. This ultimately results in the speedy disposition of cases... .
Id. 605 P.2d at 235. Quoting from the President's Commission on Law Enforcement *551 and Administration of Justice, The Challenge of Crime in a Free Society (1967), the New Mexico court added,
The negotiated guilty plea serves important functions... . The quality of justice in all cases would suffer if overloaded courts were faced with a great increase in the number of trials. Tremendous investments of time, talent, and money, all of which are in short supply and can be better used elsewhere, would be necessary if all cases were tried.
Id. at 235.
REVERSED AND REMANDED FOR NEW TRIAL.
HOBSON, Acting C.J., and SCHOONOVER, J., concur.