SCHEB, Judge.
The state attorney in Pasco County charged Ronald Clark with kidnapping and three counts of sexual battery. After a jury trial held in Dade City in March 1983, Clark was found guilty as charged. He raises several issues on this appeal, but only one has merit. We agree with his contention that he is entitled to a new trial, because the court erred in denying his motion to suppress evidence of statements he had previously made at an unrelated court proceeding.
Three weeks before defendant’s jury trial, he had appeared at a change of plea hearing in New Port Richey on a separate charge also pending in Pasco County. At that time the defendant was sworn in and asked several questions regarding the factual basis not only as to the charge for which he was appearing to enter a plea but also in respect to the charges presently at issue. At the jury trial on the charges we now review, Assistant State Attorney Michael Halkitas was called to testify about an alleged admission made by defendant during that colloquy in New Port Richey. Halkitas’ testimony was first proffered to the trial court outside the presence of the jury. After the trial judge denied defendant’s motion to suppress Halkitas’ testimony, the jury returned and Halkitas testified as follows:
Q At that time, March 2, did you state in Mr. Clark’s presence that on September 9, 1982, he picked up a twelve-year-old girl [the victim in the present case] ... against her will, put her into a pickup truck and had sexual intercourse against ... [her will]?
A Yes, sir, I did.
Q Was Mr. Clark asked in your presence if he disagreed or disputed that statement?
A Yes, he was.
Q Did he disagree with or dispute that statement?
A He did not disagree with or dispute that statement, sir.
Q Was Mr. Clark under oath at that time?
A Yes, sir, he was.
Q Was Mr. Clark under the influence of drugs or alcohol at the time of his statement?
A He said he was not.
Q Was the statement made voluntarily?
*1004 A Yes, sir, he said it was.
The state contends that the statements made by defendant in New Port Richey were entirely voluntary, that he was under oath, and that he was represented by counsel at the change of plea hearing. Thus, it argues, the court properly denied defendant’s motion to suppress. We disagree.
We first point out that the Florida Evidence Code, section 90.410, Florida Statutes (1983), specifically makes inadmissible the defendant’s statements at his change of plea hearing:
Evidence of a plea of guilty, later withdrawn; a plea of nolo contendere; or an offer to plead guilty or nolo contendere to the crime charged or any other crime is inadmissible in any civil or criminal proceeding. Evidence of statements made in connection with any of the pleas or offers is inadmissible, except when such statements are offered in a prosecution under chapter 837 [the perjury statute].
See also Fla.R.Crim.P. 3.172(h).
Section 90.410 plays a vital role in our system of jurisprudence. As Judge Lehan pointed out in Landrum v. State, 430 So.2d 549, 550 (Fla. 2d DCA 1983): “Guilty pleas are an essential part of our criminal justice system, and candor in plea discussions aids greatly in the reaching of agreements between the defendant and the State” (quoting State v. Trujillo, 93 N.M. 724, 727, 605 P.2d 232, 235 (1980)).
The statute applies directly to the present case, because defendant’s appearance at the hearing in New Port Richey was for the purpose of entering a guilty plea to an unrelated charge. Thus, evidence of any statements made in connection with that plea is inadmissible.
The state emphasizes that defendant made no objection when Halkitas outlined the factual basis of the charges against him. We find no merit to such argument. Given the tenuous position of the defendant and the context of the proceedings before the trial judge in New Port Richey, we think it unrealistic to expect the defendant to have objected to Halkitas’ line of inquiry. Since our system of justice demands there be a wide latitude to permit all relevant facts to be brought out in hearings on pleas, the statute must be strictly enforced. Failure to do so in this case cannot be deemed harmless. Landrum.
Admittedly, there was ample evidence from which the jury could have found the defendant guilty as charged. However, the overzealousness of the prosecution in introducing defendant’s statements in violation of section 90.410 resulted in the deprivation of his right to a fair trial. See Carter v. State, 332 So.2d 120 (Fla. 2d DCA 1976). Admission of the defendant’s statements, we think, left an indelible impression of guilt on the jurors’ minds, making introduction of the statements a harmful error.
Accordingly, we reverse and remand for a new trial.
BOARDMAN, A.C.J., and CAMPBELL, J., concur.