458 So.2d 327 (1984)
Ben Ruben POPE, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. AV-382.
District Court of Appeal of Florida, First District.
October 2, 1984.
Rehearing Denied November 9, 1984.
*328 Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
This is an appeal from a conviction of attempted premeditated murder. As his sole point on appeal, appellant alleges that the trial court erred in failing to instruct the jury on his defense of voluntary intoxication. We agree and reverse.
Appellant was charged with the nocturnal stabbing of his roommate's girl friend. On the night in question, when the police arrived at the home, appellant stated that he had been to a bar with his brother, become intoxicated, and returned home when the bar closed. The deputy sheriff to whom appellant had spoken testified at trial that he had smelled alcohol on appellant's breath during this exchange. Appellant's brother testified that appellant had been "pretty well intoxicated" that night. The victim's boy friend, who had been asleep in front of the television set when appellant and his brother arrived home from the bar, testified that their raucous behavior awakened him and he had concluded that they had been drinking. Other witnesses who had been in appellant's company at the bar testified that he had been drinking, but disagreed as to the degree of his intoxication. However, the testimony was undisputed that appellant had been drinking beer since early in the afternoon, and had had at least "eight more beers" while he was at the bar with his brother and friends. The trial court found that the requested jury instruction on the voluntary intoxication defense was not supported by the evidence and therefore denied it.
There is no dispute that appellant was charged with a specific intent crime, attempted premeditated murder. Gurganus v. State, 451 So.2d 817 (Fla. 1984); Edwards v. State, 428 So.2d 357 (Fla. 3d DCA 1983); cf. Gentry v. State, 437 So.2d 1097 (Fla. 1983). Voluntary intoxication is a defense to any crime requiring specific intent. Gentry; Edwards; Mellins v. State, 395 So.2d 1207 (Fla. 4th DCA 1981); Russell v. *329 State, 373 So.2d 97 (Fla. 2d DCA 1979). It is axiomatic that a defendant is entitled to have the jury instructed on the rules of law applicable to his theory of defense if there is any evidence to support such an instruction, and the trial court may not weigh the evidence in determining whether the instruction is appropriate. Smith v. State, 424 So.2d 726 (Fla. 1982). The evidence need not be "convincing to the trial court," before the instruction can be submitted to the jury, Edwards, at 359, as it suffices that the defense is "suggested" by the testimony. Mellins, at 1209. "`However disdainfully the trial Judge may have felt about the merits of such defense from a factual standpoint, however even we may feel about it, is beside the point.'" Laythe v. State, 330 So.2d 113, 114 (Fla. 3d DCA 1976).
The testimony in the instant case concerning the degree of appellant's state of intoxication might have been conflicting, but it certainly constituted evidence of intoxication sufficient to go to the jury as an issue of fact. Consequently, the trial court erred in failing to instruct the jury on the defense of voluntary intoxication.
REVERSED and REMANDED for a new trial.
JOANOS and BARFIELD, JJ., concur.

ON MOTION FOR REHEARING
WIGGINTON, Judge.
The state moves for rehearing alleging that this Court "either overlooked or rejected the State's `inconsistent defenses' argument." We deny the motion for rehearing but clarify our opinion to accommodate the state's contention.
As the state admits in its motion, it "expended only minimal effort" in its brief on behalf of the trial court's denial of the jury instruction on voluntary intoxication on the basis of lack of evidence to support the defense, instead choosing to develop an alternative theory for affirmance. This alternative theory was premised on the state's position that appellant relied on inconsistent theories of defense at trial by maintaining that an "unknown intruder" actually committed the stabbing, while also arguing that because he was intoxicated at the time the crime was committed, he was incapable of forming the specific intent to commit the crime charged. As argued by the state, under the first defense appellant denied having committed the very act of stabbing the victim, while under the second, appellant inconsistently admitted to having committed the act, but not the offense charged.
We are intrigued by this technical conundrum, apparently raised for the first time on appeal in order to salvage the trial court's decision, Savage v. State, 156 So.2d 566 (Fla. 1st DCA 1963), cert. denied, 158 So.2d 518 (Fla. 1963), but conclude that we need not plumb its depths as we find from a careful study of the record that the "unknown intruder" defense was never fully developed during trial. Instead, defense counsel relied primarily on the presumption of innocence, referring to the events surrounding the stabbing as being "a mystery," and the state's case as being "just a lot of facts thrown together." In short, the defense was premised simply on a general plea of not guilty and the incomplete defense of voluntary intoxication. A plea of not guilty should not preclude the defense of voluntary intoxication anymore than it precludes a defense of entrapment. Ivory v. State, 173 So.2d 759 (Fla. 3d DCA 1965), cert. dismissed, 183 So.2d 212 (Fla. 1965).
JOANOS and BARFIELD, JJ., concur.