PER CURIAM.
The defendant appeals from the denial of his Motion under Florida Rule of Criminal Procedure 3.850 which asserted ineffective assistance of counsel. We agree that he did not receive effective assistance and reverse and remand for a new trial on the aggravated assault charges.
Defendant was charged with two counts of aggravated assault, trespass, and discharging a firearm in public, stemming from a bar fight. He asserts that he was ineffectively represented because his counsel failed to pursue a defense of voluntary intoxication, which is a complete defense to the specific intent crime of aggravated assault. Mellins v. State, 395 So.2d 1207 (Fla. 4th DCA 1981). At the motion hearing, his counsel explained that he did not feel defendant’s intoxication “met the statutory criteria for a jury instruction.” Yet there was evidence that defendant had been drinking for several hours, and that he was described by witnesses as being “berserk” - “unstable” “half-there” and “a whole lot strung out.” We feel that in light of this, competent counsel would have pursued an intoxication defense.
*349 Reversed and remanded for a new trial on the aggravated assault charges only. In all other respects the conviction is affirmed.
LETTS, GLICKSTEIN and BARKETT, JJ., concur.