Kenneth Gardner appeals his convictions of and sentences for first-degree murder and robbery with a deadly weapon. We have jurisdiction based upon the death sentence imposed on him. Art. V, § 3(b)(1), Fla. Const. We remand for a new trial because of procedural error.
A two-count indictment charged Gardner with the robbery and stabbing death of Joseph Holda. Gardner and his three accomplices, Tony Capers, Larry Hadley, and Debra Tyler, entered Holda's hardware store in Clearwater on March 23, 1983 with the intent to rob the store. Tony Capers hit Holda, knocking him unconscious, then opened a cash register and found only pennies inside. Holda regained consciousness and began to get up off the floor. Gardner then stabbed Holda over fifty times, forty-two times in the left chest alone, before slitting Holda's throat. Gardner took Holda's wallet containing eleven dollars in cash, and the robbers left the scene. Capers pled guilty to first-degree murder and agreed to testify against Gardner. At trial the jury found Gardner guilty as charged and recommended the death sentence. The trial court agreed with that recommendation and sentenced Gardner to death for first-degree murder and to a consecutive ninety-year prison term, with retained jurisdiction over the first thirty years, for robbery.
Gardner raises numerous issues on appeal, some of which we do not discuss because we find that the convictions and sentences must be vacated because the trial judge committed reversible error by refusing to instruct the jury on the defense of voluntary intoxication.
Voluntary intoxication is a defense to the specific intent crimes of first-degree murder and robbery. Bell v. State, 394 So.2d 979
(Fla. 1981); State ex rel. Goepel v. Kelly, 68 So.2d 351
(Fla. 1953). A defendant has the right to a jury instruction on the law applicable to his theory of defense where any trial evidence supports that theory. Bryant v. State, 412 So.2d 347
(Fla. 1982); Palmes v. State, 397 So.2d 648 (Fla.), cert.denied, 454 U.S. 882, 102 S.Ct. 369, 70 L.Ed.2d 195 (1981). Moreover, evidence elicited during the cross-examination of prosecution witnesses may *Page 93 
provide sufficient evidence for a jury instruction on voluntary intoxication. Mellins v. State, 395 So.2d 1207 (Fla. 4th DCA),review denied, 402 So.2d 613 (Fla. 1981).
We have held that jury instructions regarding intoxication need not be given in every case in which evidence has been adduced at trial that the defendant had consumed alcoholic beverages prior to the commission of the offense. It is not error to refuse such an instruction when there is no evidence of the amount of alcohol consumed during the hours preceding the crime and no evidence that the defendant was intoxicated. Jacobs v. State, 396 So.2d 1113
(Fla.), cert. denied, 454 U.S. 933, 102 S.Ct. 430, 70 L.Ed.2d 239 (1981). Those deficiencies do not exist in this record.
Gardner's accomplice Capers testified that on the day the crimes were committed Gardner consumed three and a half cans of beer and smoked one or two high potency marijuana cigarettes early that morning. All the accomplices were "flying high" when they left their Clearwater apartment and drove to Tarpon Springs. They had nothing to eat all day. The four accomplices smoked some more high potency marijuana cigarettes in Tarpon Springs and also purchased and consumed two or three quarts of beer before their return to Clearwater a few hours later to commit their crimes. Another state witness testified that Gardner's "eyes looked high" not long after the crimes were committed.
This evidence did not convince the trial court that Gardner was under the influence of alcohol or marijuana to the degree necessary for a voluntary intoxication defense instruction, but we find the evidence sufficient to create a question of fact for the jury to decide. It is the jury's duty to weigh this evidence and not the trial court's. The fact that Gardner's counsel could argue his intoxication defense to the jury cannot render the error harmless because the jury must apply the law as given by the court's instructions, rather than counsel's arguments.Mellins, 395 So.2d at 1209.
Because of the possibility of their recurrence we address some of the other claimed errors.
Gardner contends that the trial court erred in permitting the prosecutor to introduce a prior consistent statement by state witness Capers. A prior consistent statement may be introduced to rebut an express or implied charge against the witness of improper influence, motive, or recent fabrication. §90.801(2)(b), Fla. Stat. (1983). The state properly introduced Capers' prior consistent statement to rebut Gardner's allegations of recent fabrication of Capers' trial testimony.
Gardner further claims that the trial court erred in allowing testimony about the character and personality of Gardner's accomplice Hadley. We disagree. A lay witness may give opinion testimony so long as the opinion testimony does not mislead the trier of fact. § 90.701, Fla. Stat. (1983). The police officer who testified about Hadley's character and personality based that opinion on five hours of direct observation and subsequent contacts with Hadley. The trial court did not err in finding that the officer had a sufficient basis for his opinion.
We also find no merit in Gardner's argument that the trial court refused to consider relevant evidence bearing on the voluntariness of his statements to the police. The fact that Hadley may have threatened Gardner earlier has no bearing on the voluntariness of his post-Miranda confessions while in police custody. The trial court considered all the other relevant evidence and found Gardner's statements to the police to have been voluntary. The prosecution carried its burden of showing voluntariness by a preponderence of the evidence. The record supports the trial court's finding on the voluntariness issue, and an appellate court should defer to the trial court's finding of fact and not substitute its own judgment for his on such a point. DeConingh v. State, 433 So.2d 501, *Page 94 
504 (Fla. 1983), cert. denied, 465 U.S. 1005, 104 S.Ct. 995, 79 L.Ed.2d 228 (1984).
In the sentencing phase we find merit in Gardner's argument that the jury heard inadmissible evidence when the trial court allowed a police officer to testify about Tyler's statements incriminating Gardner as the one who stabbed the victim. Tyler did not testify at trial and Gardner could not confront or cross-examine her on the statement.[1] In Engle v. State, 438 So.2d 803
(Fla. 1983), cert. denied, ___ U.S. ___, 104 S.Ct. 1430, 79 L.Ed.2d 753 (1984), this Court held that a new sentencing hearing would be required where the trial court considered the incriminating confessions and statements of a co-defendant before sentencing the defendant to death. Consideration of such evidence during sentencing violates the due process rights of a defendant who had no opportunity to cross-examine and confront the co-defendant. Id. at 813-14.Engle applies with equal force here, where the jury considered similar inadmissible and prejudicial evidence before recommending the death penalty. The admission of Tyler's statement was neither cumulative evidence nor harmless error.
On the other hand, Engle does not apply to a defendant's recorded statement to an accomplice. Gardner's own incriminating statement to Hadley was captured by electronic intercept and used against him at the penalty phase of trial. Such use did not constitute error.
We vacate the convictions and sentences and remand to the trial court for a new trial.[2]
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD and SHAW, JJ., concur.
ADKINS and EHRLICH, JJ., dissent.
[1] Tyler was under indictment for the same crime and Gardner was unable even to take her deposition.
[2] We reviewed the record and the evidence is sufficient to support a conviction of first-degree murder. Our reversal is on trial procedure error only.