535 So.2d 346 (1988)
Stanley Allan TERWILLIGER, Appellant,
v.
STATE of Florida, Appellee.
Nos. 87-2024, 87-2025.
District Court of Appeal of Florida, First District.
December 19, 1988.
*347 Daniel A. McKeever, Jr., Live Oak, and John S. Gonas, Jr., Mobile, Ala., for appellant.
Robert A. Butterworth, Atty. Gen. and William A. Hatch, Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
Appellant, Stanley Allan Terwilliger, appeals his convictions for conspiracy to traffic in cannabis, aiding and abetting in the possession of cannabis, and conspiracy to possess cannabis. Of the three issues raised on appeal, we find no error in the trial court's denial of Terwilliger's motion for judgment of acquittal; however, we agree with appellant that the trial court erred in denying the requested entrapment instruction and in allowing the state an additional closing argument. We therefore reverse and remand.
It is axiomatic that a defendant has the right to have the jury instructed on the law of entrapment when evidence is presented which tends to prove such defense. Kwasniewski v. State, 303 So.2d 373 (Fla. 1st DCA 1974) (when evidence of entrapment is presented, it is the jury's province to resolve the factual issue under proper instructions from the court), and Canty v. State, 471 So.2d 676 (Fla. 1st DCA 1985) (defendant's version of drug transaction warranted entrapment instruction). Once the defendant has shown some evidence which suggests the possibility of entrapment, the issue of entrapment must be submitted to the jury with the appropriate instruction. State v. Wheeler, 468 So.2d 978 (Fla. 1985) (after the defendant satisfies his initial burden of establishing a prima facie case of entrapment, the issue must be submitted to the jury). It is not necessary that the defendant convince the trial judge of the merits of the entrapment defense because the trial judge may not weigh the evidence before him in determining whether the instruction is appropriate; it is enough if the defense is suggested by the evidence presented. Pope v. State, 458 So.2d 327 (Fla. 1st DCA 1984), rev. denied, 462 So.2d 1108 (1985) (trial court erred in failing to instruct the jury on the defense of voluntary intoxication in trial for attempted premeditated murder). Even a defendant who denies one of the elements of the offense for which he is charged is entitled to an entrapment instruction. See Mathews v. United States, 485 U.S. ___, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988) (defendant who denied intent element of bribery offense was entitled to entrapment instruction).
In the case at bar, the state introduced into evidence a tape-recorded telephone conversation in which appellant had communicated to undercover agents his reluctance to participate in the drug transaction because he did not know the people involved and was uncomfortable with the situation. These statements were corroborated by state witness William Hughes who testified during cross-examination that appellant had advised him concerning an incident involving undercover agents contacting appellant a second time after he had earlier told them that he did not want to do the drug deal. Whether this evidence was sufficient to prove entrapment as a matter of law is not for this court or for the trial judge to decide. It was, nevertheless, sufficient to warrant an entrapment instruction, and the failure to so instruct constitutes reversible error. See Canty.
In regard to the issue of the trial court's allowing the state an additional closing argument, we conclude that such action was violative of Florida Rule of *348 Criminal Procedure 3.250, providing in part that a defendant who offers "no testimony in his own behalf, except his own, shall be entitled to the concluding argument before the jury." A substantial body of case law recognizes that a statute or rule of procedure which confers upon the accused the right to conclude an argument is a substantial procedural right, the denial of which constitutes reversible error, notwithstanding that the state's evidence may be more than adequate to support a verdict of guilty. See, e.g., Birge v. State, 92 So.2d 819 (Fla. 1957); Staples v. State, 298 So.2d 545 (Fla. 2d DCA 1974); Raysor v. State, 272 So.2d 867 (Fla. 4th DCA 1973). In the instant case, appellant neither testified nor offered any evidence in his behalf. He therefore was entitled to the last argument before the jury. Wright v. State, 87 So.2d 104 (Fla. 1956) ("concluding" means the last argument).
The record reveals that the lower court, in granting additional closing arguments, was influenced by its erroneous belief that the defense's responsive arguments were beyond the scope of those made by the state. Although appellant's counsel referred to the testimony of William Hughes in his opening argument, the state chose not to make specific comment regarding Mr. Hughes' testimony during its responsive argument. In his summation, defense counsel again referred to Hughes' testimony, and the state objected, contending that such comments exceeded the scope of the state's closing argument. In overruling the objection, the court allowed the prosecutor to make a second closing statement, which was directed to discrediting Hughes' testimony. The court also allowed the defense the opportunity to present a third closing statement, which it declined, and instead moved for mistrial. Under the circumstances, we agree with appellant that the court's action constituted error.
In so saying, we consider that the trial court's ruling over-emphasized the fact that the defense's rebuttal argument expressly mentioned Hughes' testimony, which had not been alluded to by the state during its initial response. The court's determination should instead have been directed to the purpose for which the defense focused upon the witness's testimony in its final summation: to rebut the state's argument that the appellant could appropriately be convicted of conspiracy to traffic in or possess cannabis, because the evidence did not reveal that he had withdrawn from the charged conspiracy. Cf. Denny v. State, 404 So.2d 824 (Fla. 1st DCA 1981) (state's responsive argument to defendant's was not beyond the scope of the comments made by the defense because the state's argument pertaining to certain admissions, not specifically mentioned by the defense during its closing argument, was directly related to the asserted defense that the defendant lacked the ability to form the intent to murder); Collins Fruit Co. v. Giglio, 184 So.2d 447 (Fla. 2d DCA 1966) (trial court erred in disallowing plaintiff's counsel, in response to the concluding arguments of the defense counsel, from referring to the doctrine of last clear chance, because, although defense counsel had not specifically mentioned the defense of last clear chance, he had extensively argued the decedent's contributory negligence).
Similarly, in the present case, because the state spoke at length during its initial closing argument regarding defendant's failure to withdraw from the charged conspiracies, defense counsel's reference to Hughes in his summation clearly did not exceed the scope of the prosecutor's arguments, in that such reference was relevant to the defense that he had in fact withdrawn from any such participation.[1] Although the trial court possesses wide discretion in controlling the arguments presented, see Breedlove v. State, 413 So.2d 1 (Fla.), cert. denied, 459 U.S. 882, 103 S.Ct. 184, 74 L.Ed.2d 149 (1982) (improper remarks made by the prosecutor during closing argument did not prejudice defendant), there was nothing improper about the defense's comments that would justify the *349 trial court's action permitting the state a second concluding argument.
REVERSED and REMANDED for new trial.
WENTWORTH and ZEHMER, JJ., concur.
NOTES
[1] Section 777.04(5)(a), Florida Statutes (Supp. 1986), specifically makes a renunciation defense available to one charged with the crime of conspiracy when circumstances reflect that he "[a]bandoned his attempt to commit the offense... ."