SHIVERS, Chief Judge.
Appellant, William Earl Thomas, appeals a judgment finding him guilty of both sale and possession of cannabis, arguing that the trial court erred in refusing a jury instruction on the defense of entrapment and that his conviction for both offenses violated the prohibition against double jeopardy. We reverse and remand for new trial on the basis of Thomas’ first argument.
An instruction on a particular defense should be given to the jury where there is *990 any evidence to support that defense. Smith v. State, 424 So.2d 726 (Fla.1982); Pope v. State, 458 So.2d 327 (Fla. 1st DCA 1984). As this court stated in Terwilliger v. State, 535 So.2d 346 (Fla. 1st DCA 1988):
Once the defendant has shown some evidence which suggests the possibility of entrapment, the issue of entrapment must be submitted to the jury with the appropriate instruction_ It is not necessary that the defendant convince the trial court of the merits of the entrapment defense because the trial judge may not weigh the evidence before him in determining whether the instruction is appropriate; it is enough if the defense is suggested by the evidence presented.
535 So.2d at 347 (emphasis in original). Although the trial court, this court, or the jury may disagree as to whether the evidence ultimately proves entrapment, the evidence presented at trial in the instant case at least “suggests the possibility of entrapment” sufficient for an instruction to be given to the jury, as provided in Terwilliger, supra. We therefore reverse and remand for new trial based on the trial court’s failure to give the requested entrapment instruction. Because we reverse on this ground, we find it unnecessary to address appellant’s double jeopardy issue. REVERSED and REMANDED.
SMITH and BARFIELD, JJ., concur.