CAMPBELL, Judge.
Appellant, Gayle Eugene Kinsey, was convicted of two counts of battery on a law enforcement officer in violation of sections 784.07 and 784.03, Florida Statutes (1985). He argues that the trial court committed reversible error when it refused to give a requested jury instruction on voluntary intoxication. We agree with appellant and reverse and remand for a new trial.
Under Mellins v. State, 395 So.2d 1207 (Fla. 4th DCA), rev. denied, 402 So.2d 613 (Fla.1981), in a case where intent is a requisite element of the offense charged, as here, it is reversible error not to instruct on voluntary intoxication if the record contains some evidence of intoxication. See also Fouts v. State, 374 So.2d 22 (Fla. 2d DCA 1979), overruled on other grounds, 408 So.2d 1037 (Fla.1982).
We find that the record here contains sufficient evidence of intoxication for us to conclude that the court’s failure to give the requested instruction on voluntary intoxication amounts to reversible error.
Appellant had been brought into the Pas-co County jail under the Myers Act, section 396.072, Florida Statutes (1985), which allows a peace officer to detain an incapacitated intoxicated individual in municipal or county jail for up to seventy-two hours. Pasco County corrections officer, Paul Bou-ton, testified that on April 18, 1986, he had discovered that the window of the holding *981 cell in his detention center was covered with toilet tissue. He called Sergeant Ainsworth as a backup. When the officers attempted to enter the cell, appellant yelled obscenities and shook his fists at them. A struggle then ensued between appellant and Detective Haynes, who had also entered the cell, resulting in the instant charges.
Officer Bouton testified that appellant appeared intoxicated. Sergeant Ainsworth also testified that appellant seemed intoxicated. Detective Haynes did not form an opinion as to appellant’s intoxication. Thus, not only was appellant detained under the Myers Act for public intoxication, two of the three eyewitnesses concluded that appellant was intoxicated. These facts present sufficient evidence of intoxication that the instruction should have been given.
Although appellant denied being intoxicated, this fact does not preclude giving the instruction since appellant did not deny that he had been drinking. This is because the question of intoxication is a mixed question of law and fact and, as such, should be presented to the jury for determination. See Mellins, 395 So.2d at 1210.
The state cites Lambrix v. State, 534 So.2d 1151 (Fla.1988), for the proposition that a trial court may refuse to give an intoxication instruction despite the apparent use of intoxicants. Lambrix does not apply to the instant case, however, because in Lambrix, despite the defendant’s apparent use of intoxicants, there was no evidence of intoxication. Here, there was ample evidence of intoxication.
Moreover, the court’s error in failing to give the requested jury instruction on voluntary intoxication cannot be considered harmless. See Mellins, 395 So.2d at 1209. We must, accordingly, reverse appellant’s convictions and remand to the trial court for a new trial.
Although appellant also questions his sentence on appeal, we find that our disposition of his first issue concerning the improper jury instructions renders his sentencing issue moot.
We conclude that the court’s failure to give the requested jury instruction on voluntary intoxication was reversible error and, accordingly, reverse appellant’s convictions and remand for a new trial.
DANAHY, A.C.J., and HALL, J., concur.