585 So.2d 443 (1991)
John DAWSON, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2166.
District Court of Appeal of Florida, Fourth District.
September 4, 1991.
*444 Richard L. Jorandby, Public Defender, and Mallorye G. Cunningham, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sylvia H. Alonso, Asst. Atty. Gen., West Palm Beach, for appellee.
POLEN, Judge.
This is an appeal from a conviction of robbery in violation of section 812.13(2)(c), Florida Statutes (1989). Four points are raised on appeal. Appellant maintains that the trial court erred in: (1) denying his motion for a mistrial when the prosecutor questioned him about prior plea negotiations; (2) permitting the introduction of prior consistent statements; (3) admitting collateral crime evidence; and (4) allowing the prosecutor to make prejudicial and improper comments during closing argument. For the reasons that follow, we reverse appellant's conviction and remand for a new trial.
The appellant was charged with robbery with a firearm and aggravated battery. He was acquitted of aggravated battery and was found guilty of robbery. At trial, appellant testified on his own behalf. The prosecutor questioned appellant regarding a plea offer he had made prior to trial. We find that the admission of testimony regarding appellant's plea offer constituted reversible error.
Section 90.410 aids in promoting both the efficiency and fairness of our system of justice. "Guilty pleas are an essential part of our criminal justice system, and candor in plea discussions aids greatly in the reaching of agreements between the defendant and the state." Landrum v. State, 430 So.2d 549, 559 (Fla. 2d DCA 1983) (quoting State v. Trujillo, 93 N.M. 724, 727, 605 P.2d 232, 235 (1980)). Additionally, allowing admission of evidence of prior plea negotiations leaves an "indelible impression of guilt on the jurors' minds." Clark v. State, 452 So.2d 1002, 1004 (Fla. 2d DCA 1984). We agree that "the purpose of § 90.410 is of such importance that ... violation of that section cannot be deemed harmless." Landrum, 430 So.2d at 550.
Next, appellant contends that it was error for the court to admit the prior consistent statements of the victim, a key state witness in this case. On re-direct, the victim testified as to statements he made to the police after the alleged crime. These statements were elicited to show the consistency between the victim's in-court testimony and his prior statements, after the victim's testimony had been impeached. It is well settled that a witness' prior consistent statement is generally inadmissable to *445 corroborate that witness' testimony. Jackson v. State, 498 So.2d 906 (Fla. 1986). The exception to this rule applies when such statements are "introduced to rebut an express or implied charge against the witness of improper influence, motive or recent fabrication." Gardner v. State, 480 So.2d 91, 93 (Fla. 1985). However, this exception applies only when the prior consistent statement was originally made prior to the existence of a fact said to indicate bias, interest, corruption, or other motive to falsify. Id. The record shows that the witness whose prior consistent statement is at issue here, had a motive to falsify even before the alleged crime took place. Therefore, it was error for the trial court to admit these statements over appellant's objection.
Appellant contends that the admission of testimony concerning past crimes that did not involve him was prejudicial and should not have been permitted. The arresting officer testified that appellant admitted smoking crack cocaine on the night of the crime and also testified that people on crack generally rob and steal to get money to buy more crack. The officer then testified that he knew of cases where people on crack have robbed their own grandmothers. Evidence of this sort should not have been admitted. Nowitzke v. State, 572 So.2d 1346 (Fla. 1990). "The only purpose of such testimony is to place prejudicial and misleading inferences in front of the jury." Id. at 1356.
As to appellant's last point, one of the prosecutor's comments that appellant objects to was an invited response to defense counsel's earlier remarks. See Dufour v. State, 495 So.2d 154 (Fla. 1986). Appellate review of other comments made by the prosecutor has been waived due to the lack of a timely objection. State v. Cumbie, 380 So.2d 1031 (Fla. 1980).
We reverse and remand for a new trial.
DOWNEY and GUNTHER, JJ., concur.