PER CURIAM.
Appellant appeals his convictions for first-degree murder and three counts of armed robbery. He asserts four issues on appeal: (1) whether appellant’s motion to suppress his confession should have been granted; (2) whether the trial court erroneously allowed an accomplice’s prior consistent statement into evidence; (3) whether the trial court erred in granting appellee’s peremptory challenge of a minority juror; and (4) whether prosecutorial statements in closing arguments amounted to a comment on appellant’s exercise of his right to remain silent. We affirm as to all issues. However, our affir-mance of issues one and two warrants discussion.
On January 16,1991, an individual wearing a mask entered a business in Broward County, began waiving a gun, and demanded money. The gunman was joined shortly thereafter by a second individual. During the course of the robbery, the owner of thé business was fatally shot.
Five days after the shooting, appellant was arrested on an unrelated robbery charge. He was brought to the Broward County Sheriffs Department homicide office for questioning concerning the murder. He was handcuffed and shackled. However, doubts arose concerning whether there was sufficient probable cause for appellant’s arrest. It was decided that appellant would be released. Appellant was advised he was free to go, the handcuffs and shackles were removed, and he was offered a ride home. Thereafter, but prior to leaving, appellant was asked whether he would remain and talk about the shooting. Appellant said he would talk to the officers about it. After appellant was informed of his Miranda rights, he was questioned by detectives. During this questioning, appellant made incriminating statements concerning his involvement in the murder and robberies. Appellant said he was present and he only intended to rob the place. However, he admitted using a substandard quality gun and “it just went off.”
The evidence shows appellant freely and voluntarily gave his statement to police. Even if the police lacked probable cause for the arrest on the unrelated charge, the fact appellant was released from custody and voluntarily remained to answer questions breaks the causal link between the arrest and his making of the incriminating statements to police. Appellant’s agreement to discuss the crime when he was free to decline and go home was an act of free will sufficient to purge any possible taint from the arrest. We find the trial court properly denied the motion to suppress appellant’s incriminating statements.
Appellant asserts the trial court improperly allowed a prior consistent statement by an accomplice into evidence to bolster his in-court testimony. The day after appellant was arrested for the murder, Terrance Batten was brought into the homicide office for questioning. During this questioning, and after being informed of his Miranda rights, Batten gave a tape recorded statement to police which implicated himself and appellant in the murder. In November 1992 — some twenty-two months after Batten made his statement to police — Batten received a plea deal from the state.
At trial, Batten testified about the shooting and robberies. He said appellant shot the victim. On direct examination, Batten acknowledged he gave a statement to police shortly after the shooting. During cross-examination by defense counsel, Batten was extensively questioned about his plea deal with the state. The details of the deal were *108 spelled out for the jury.[1] Batten was also questioned about the circumstances surrounding his prior statement made to police. Batten acknowledged the detectives told him that they did not want him, but wanted appellant.[2] Batten also acknowledged he was told if he did not cooperate, he would be charged with murder and sentenced to the electric chair. He admitted he was thinking if he gave a statement to the detectives he could go home, but if he did not give them a statement he was going to be held on the murder charge.
Defense counsel also questioned Batten about specific contents of his prior statement. Batten was asked about his comments concerning who he was with prior to the robbery. Defense counsel noted that Batten said in his statement to police he was cooperating because the victim was shot. Also, Batten acknowledged there is no mention of a mask in his prior statement.
During the testimony of one of the detectives who questioned Batten, the tape-recorded statement was admitted into evidence over defense objection. Defense counsel had argued the prior consistent statement itself was made after Batten had an improper motive. Therefore, it was inadmissible.
We agree with appellant that the prior consistent statement should not have been admitted into evidence. Generally, pri- or consistent'statements are not admissible to corroborate a witness’ testimony. Jackson v. State, 498 So.2d 906 (Fla.1986). An exception to the rule provides that such statements are admissible to rebut charges of improper influence, motive or recent fabrication against the witness. Id. at 910; see also § 90.801(2)(b), Fla.Stat. (1991). However, the prior consistent statement must be made “prior to the existence of a fact said to indicate bias, interest, corruption, or other motive to falsify.” Dawson v. State, 585 So.2d 443, 445 (Fla. 4th DCA 1991).
We hold, however, that the erroneous admission of Batten’s tape recorded statement was harmless. The jury was aware of the existence of the prior statement. A reasonable jury could presume the prior statement was consistent with Batten’s in-court testimony. Further, defense counsel delved into some of the specifics of the statement, referring to actual comments made by Batten to police. Thus, portions of the statement were highlighted for the jury, by defense counsel, prior to the admission of the statement in its entirety.
These factors, in combination with appellant’s incriminating statements and testimony linking appellant to an item stolen in the robbery, convince us of the harmless nature of the trial court’s error. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). We therefore affirm appellant’s convictions on all counts.
AFFIRMED.
POLEN and KLEIN, JJ., and MICKLE, STEPHAN P., Associate Judge, concur.
NOTE: POLEN, J., did not participate in oral argument but has reviewed the presentation made at that proceeding.

. The murder and firearm charges related to the robbery charges against Batten were dropped, and he received a concurrent sentence on an unrelated aggravated assault with a firearm charge. Also, an unrelated aggravated battery with a firearm charge was dropped by the state.

. One of the questioning detectives testified Batten did not mention appellant’s name until after the police had done so.