GROSS, Judge.
Corey Cunningham appeals his conviction and sentence for attempted first degree murder with a firearm.
At trial, the state sought to prove that Cunningham got out of a vehicle and twice shot the victim, who was walking with Tamika Bryant. Bryant was Cunningham’s girlfriend at the time of the shooting. She was originally charged in the same information with him, on the theory that she set up the victim. Bryant entered into a plea agreement for her involvement in the crime and testified as a state witness. On direct examination, Bryant identified Cunningham as the shooter and said that he told her not to tell the police anything if they questioned her. During opening statement and on cross-examination, defense counsel raised the issue that Bryant’s trial testimony was influenced by her plea agreement. Bryant conceded that before the plea she was in jail, without bond, facing life in prison; after her agreement, she was released from jail, with a potential sentence of anywhere from probation to seven years in prison. Bryant admitted her hope that her trial testimony would influence the prosecutor’s willingness to speak on her behalf at sentencing.
After Bryant was impeached on cross-examination, the state recalled Corrine Wright to testify regarding a prior consistent statement made by Bryant. Wright said that on the night of the shooting, Bryant telephoned her and stated that Cunningham had shot the victim. During her testimony, Bryant denied making any such phone call. The trial court admitted' Wright’s testimony over Cunningham’s hearsay objection.
Wright’s recounting of Bryant’s statement is a classic example of non-hearsay under section 90.801(2)(b), Florida Statutes (1995).[1] Under the statute, an implied charge of improper influence, motive or recent fabrication arises when cross-examination suggests that a witness’s trial testimony has been motivated by the witness’s plea bargain. Rodriguez v. State, 609 So.2d 493, 500 (Fla.1992), cert. denied, 510 U.S. 830, 114 S.Ct. 99, 126 L.Ed.2d 66 (1993); Anderson v. State, 574 So.2d 87, 92-93 (Fla.), cert. denied, 502 U.S. 834, 112 S.Ct. 114, 116 L.Ed.2d 83 (1991); Stewart v. State, 558 So.2d 416 (Fla.1990). For example, in Anderson the supreme court noted that defense counsel attempted to impeach a witness by “suggesting that she fabricated her testimony after negotiating a favorable plea.” Anderson v. State, 574 So.2d at 92. Anderson held that the witness’s prior consistent statements to a police officer, given the night of her arrest, *72 but 23 days before she made her plea agreement, were admissible to rebut the “implication of recent fabrication.” Id. Similar to the situation in Anderson, the defense contended that Bryant’s testimony was motivated and created by her plea bargain. As related by Wright, Bryant’s consistent statement was made before the negotiated plea bargain, before the claimed motive to falsify arose. See, e.g., Dawson v. State, 585 So.2d 443, 445 (Fla. 4th DCA 1991).
The other requirements of section 90.801(2) were also satisfied here. Bryant testified at trial and was subject to cross-examination concerning the statement. In fact, Bryant denied calling Wright and telling her that Cunningham had shot the victim. Cross-examination rarely achieves such a desired result. Bryant’s denial does not make the prior statement inconsistent with her trial testimony. The consistency or inconsistency of a prior statement is determined by comparing the content of that statement with the content of the trial testimony. Who should be believed as to the making of the prior statement is not a question of admissibility, but one of credibility for the jury.
On the remaining issues, we find no reversible error.
AFFIRMED.
GUNTHER, C.J., and STONE, J., concur.

. Section 90.801(2)(b) provides in pertinent part: (2) A statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is:
[[Image here]]
(b) Consistent with his testimony and is offered to rebut an express or implied charge against him of improper influence, motive, or recent fabrication.