KAHN, Judge.
Appellant Carlos Grandison raises two points on appeal. Grandison was convicted below of disorderly conduct, resisting arrest with violence, and battery on a police officer. We must reverse the conviction for battery on a police officer, because appellant was entitled to a jury instruction qn the defense of voluntary intoxication. Appellant’s arguments concerning the other convictions are without merit.
Officers Porter and Austin of the Pensacola Police Department gave testimony concerning Grandison’s condition on the morning of his arrest. Officer Porter first noticed Grandison around 2:00 a.m. Grandison was driving a van that ran a flashing red light and then proceeded erratically down the street. When Officer Porter stopped the van, Grandison got out and “stumbled and staggered into the side of the van.” In Porter’s opinion, Grandison “without a doubt” qualified for arrest on a DUI charge. Porter testified that he could not locate an available intoxilizer operator, so he made a decision to escort Grandison home. Officer Austin actually drove Grandison to his residence at a nearby apartment complex.
Upon arrival at the complex, Officer Porter located the correct apartment and advised Grandison’s wife that Grandison had apparently drunk too much and needed to get to bed. Officer Austin observed that he had to walk Grandison to the apartment “to make sure that he didn’t fall over and hurt himself or anything, because he had been drinking.” After Grandison went into his apartment, the situation deteriorated and the officers ultimately arrested Grandison for disorderly conduct. An altercation ensued, and as a result Grandison was charged with the additional offenses of battery on a police officer and resisting arrest with violence. At trial Grandison took the stand in his own defense. He denied any inappropriate activity and specifically denied being intoxicated.
During the charge conference, appellant’s attorney requested the court to read the standard jury instruction concerning voluntary intoxication. Counsel argued that “testimony from the officers (indicated) that Mr. Grandison was intoxicated or drunk.” The trial court questioned whether there was any proof that Grandison was so far under the influence that he was not responsible for his conduct. Defense counsel pointed out that the battery charge is a specific intent crime to which voluntary intoxication would be a defense. The court denied the request upon the stated basis that there was no evidence that Grandison was sufficiently intoxicated so as to be entitled to the instruction.
On the facts of this ease, appellant was entitled to the instruction. Although voluntary intoxication is an affirmative defense in the standard jury instructions, it is available even though the defendant takes the stand and denies his or her own intoxication. See Mellins v. State, 395 So.2d 1207 (Fla. 4th DCA 1981). Battery on a police officer is a specific intent crime, and voluntary intoxication is a defense. Id. In Mel-lins, and other cases, the courts have taken the view that where there is “some evidence” to support the intoxication defense, the question is one for the jury to resolve. See e.g. Kinsey v. State, 567 So.2d 980 (Fla. 2d DCA 1990) (“it is reversible error not to instruct on voluntary intoxication if the record contains some evidence of intoxication.”); Heddleson v. State, 512 So.2d 957, 959 (Fla. 4th DCA 1987) (“when there is some evidence introduced to support an instruction on the *609 theory of a defense, it is error for the trial court to fail to give the requested jury instruction.”); Eberhardt v. State, 550 So.2d 102, 105 (Fla. 1st DCA 1989) (“A defendant is entitled to a jury instruction where any evidence presented at trial supports his theory of defense, even where such evidence is brought out on cross examination.”); Pope v. State, 458 So.2d 327, 329 (Fla. 1st DCA 1984) (Observing that where there is “any evidence” to support the instruction, “the trial court may not weigh the evidence in determining whether the instruction is appropriate.”); Edwards v. State, 428 So.2d 357, 358-359 (Fla. 3d DCA 1983) (“even if the evidence was not convincing to the court, it was sufficient to go to the jury as an issue of fact.”). The Supreme Court observed in Gardner v. State, that it is not error to refuse the voluntary intoxication instruction where there is no evidence that the defendant was intoxicated; however, when the evidence is sufficient to create a question of fact for the jury, it is up to the jury to weigh the evidence and the defendant is entitled to the instruction. 480 So.2d 91, 93 (Fla.1985).
In this case, the thrust of the defense was that the officers were the aggressors. Grandison took the stand and denied his intoxication. Nevertheless, counsel specifically requested the voluntary intoxication instruction and the record contains ample evidence from which the jury could have found intoxication. Accordingly, appellant is entitled to a new trial on the charge of battery on a police officer. He is not, however, entitled to a new trial on the charge of resisting arrest with violence. See Frey v. State, 708 So.2d 918 (Fla.1998).
AFFIRMED in part, REVERSED in part and REMANDED for a new trial on the charge of battery on a police officer.
BARFIELD, C.J., and JOANOS, J., concur.