764 So.2d 734 (2000)
Donald R. FIRTH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-1456.
District Court of Appeal of Florida, Second District.
June 30, 2000.
James Marion Moorman, Public Defender, and Megan Olson, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Deborah F. Hogge, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Donald R. Firth appeals his conviction for aggravated battery on a pregnant woman on the ground that the trial court declined to give his requested instruction on the voluntary intoxication defense. He contends that, because the crime requires proof of specific intent, the trial court erred in failing to give the instruction. We agree and remand for a new trial.
At the outset, we find no error in the trial court's conclusion that there was sufficient evidence of Mr. Firth's intoxication to warrant a voluntary intoxication instruction. Because this appeal turns on the legal issue of whether the crime is one requiring specific intent, an extensive factual recitation is unnecessary. The record clearly establishes that Mr. Firth had been drinking "hard stuff" and was intoxicated to some degree. While sitting in a vehicle, Mr. Firth struck the victim in the face. Although not married, Mr. Firth and the victim had been involved in an ongoing relationship. Before this incident, Mr. Firth had accompanied her to a physician's appointment where he learned that the victim was pregnant, and her condition had not changed when he struck her. Upon Mr. Firth's request for the voluntary intoxication instruction, the trial judge concluded that there was sufficient record evidence of intoxication but determined that the instruction was not required because the crime of aggravated battery on a pregnant *735 woman was a general, rather than a specific, intent crime.
At the time Mr. Firth committed this crime, voluntary intoxication was recognized as a defense to a specific intent crime,[1]see Linehan v. State, 476 So.2d 1262, 1264 (Fla.1985), and it was error not to instruct on voluntary intoxication where the record contained some evidence of intoxication, see Kinsey v. State, 567 So.2d 980, 980 (Fla. 2d DCA 1990). Section 784.045(1)(b), Florida Statutes (1997), provides that the crime of aggravated battery is committed where the "person who was the victim of the battery was pregnant at the time of the offense and the offender knew or should have known that the victim was pregnant." To determine whether the statutory language requires proof of a specific intent, we enter, with some degree of reluctance, that "murky and ill-defined netherworld that separates general from specific intent" crimes. Frey v. State, 708 So.2d 918, 922 (Fla.1998)(Anstead, J., concurring and dissenting).
This court has held that a similarly worded statute defines a specific intent crime. In Stanley v. State, 703 So.2d 1156, 1157 (Fla. 2d DCA 1997) (citing Parker v. State, 471 So.2d 1352 (Fla. 2d DCA 1985)), we held that battery on a law enforcement officer is a specific intent crime. A similar holding was reached by the First District in Mordica v. State, 618 So.2d 301 (Fla. 1st DCA 1993). Relying on Mordica, the First District also concluded that battery on a pregnant woman is a specific intent crime. See V.M. v. State, 729 So.2d 428, 429 (Fla. 1st DCA 1999). We, too, reach that conclusion.
To be convicted under section 784.045(1)(b), a defendant must possess a heightened knowledge about the victim's condition, a knowledge beyond that required for the general intent crime of misdemeanor battery. See Frey v. State, 708 So.2d at 919 (reviewing Professor La-Fave's analysis of specific intent). Battery on a pregnant woman is a "crime encompassing a requirement of subjective intent to accomplish a statutorily prohibited result," i.e., not simply battery but battery on a pregnant woman. Evans v. State, 452 So.2d 1093, 1094 (Fla. 2d DCA 1984)(citing Linehan v. State, 442 So.2d 244, 248 (Fla. 2d DCA 1983)). Accordingly, we hold that battery on a pregnant woman requires proof of a specific intent. Therefore, it was error to deny the voluntary intoxication defense jury instruction, and, upon review of the entire record, we cannot say that the error did not affect the verdict. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Reversed and remanded for a new trial.
GREEN, A.C.J., and DANAHY, PAUL W., (Senior) Judge, Concur.
NOTES
[1] Section 775.051, Florida Statutes (1999), now provides: "Voluntary intoxication resulting from the consumption, injection, or other use of alcohol or other controlled substance as described in chapter 893 is not a defense to any offense proscribed by law. Evidence of a defendant's voluntary intoxication is not admissible to show that the defendant lacked the specific intent to commit an offense...." The act became effective October 1, 1999. See 1999 Fla. Laws ch. 99-174, § 2.