# Supreme Court of Florida

_____

No. SC19-1864
_____

**TROY MERCK, JR.,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

July 9, 2020

PER CURIAM.

Troy Merck, Jr., appeals the circuit court's order summarily dismissing his successive postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.851. We have jurisdiction. *See* art. V, § 3(b)(1), Fla. Const. For the reasons below, we affirm.

## BACKGROUND

In 1993, Merck was convicted of the first-degree murder of James Newton and sentenced to death. *Merck v. State* (*Merck I*), 664 So. 2d 939, 940 (Fla. 1995). We affirmed Merck's conviction on direct appeal but remanded for resentencing at a new penalty phase. *Merck*, 664 So. 2d at 944. Upon resentencing in 1997,

Merck was again sentenced to death. *Merck v. State* (*Merck II*), 763 So. 2d 295, 296 (Fla. 2000). However, we again remanded for a new penalty phase and resentencing on direct appeal from the resentencing. *Id.* At Merck's third penalty phase in 2004, he was sentenced to death, and this Court affirmed. *Merck v. State* (*Merck III*), 975 So. 2d 1054, 1058-59 (Fla. 2007), *cert. denied*, *Merck v. Florida*, 555 U.S. 840 (2008). We have since affirmed the denial of Merck's initial motion for postconviction relief and denied his accompanying petition for writ of habeas corpus. *Merck v. State* (*Merck IV*), 124 So. 3d 785, 790 (Fla. 2013).

Most recently, we have affirmed the denial of Merck's first successive motion for postconviction relief. *Merck v. State* (*Merck V*), 260 So. 3d 184, 188 (Fla. 2018). While *Merck V* was pending, Merck filed his second successive postconviction motion seeking relief from his sentence of death pursuant to *Hurst v. Florida*, 136 S. Ct. 616 (2016), and *Hurst v. State*, 202 So. 3d 40 (Fla. 2016), *receded from in part by State v. Poole*, 45 Fla. L. Weekly S41 (Fla. Jan. 23, 2020), *clarified*, 45 Fla. L. Weekly S121 (Fla. Apr. 2, 2020), which the circuit court granted in 2017. Although the State initially appealed the circuit court's order, it voluntarily dismissed the appeal. Accordingly, this Court never reviewed the propriety of that order, which is now final. However, in *Merck V*, we held that the fact that Merck is awaiting resentencing does not deprive this Court of jurisdiction

over postconviction challenges to Merck's "capital conviction for which a sentence of death was imposed." *Merck V*, 260 So. 3d at 188 & n.1.

At issue in this appeal is Merck's third successive motion for postconviction relief, which he filed on May 10, 2019. In that motion, Merck argued that his conviction violates the Sixth Amendment pursuant to the United States Supreme Court's decision in *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), because his appointed trial counsel refused to abide by Merck's asserted objective of defense— actual innocence—and instead conceded Merck's guilt at trial by arguing the defense of voluntary intoxication.[1] The circuit court dismissed Merck's claim as untimely under rule 3.851(d)(2)(B) and in so doing stated that "even if Merck's motion was timely filed, it likely would have been denied as without merit."

## ANALYSIS

We review the summary dismissal de novo, *see Dailey v. State*, 279 So. 3d 1208, 1215 (Fla. 2019), and affirm because the record conclusively refutes Merck's allegation that trial counsel conceded Merck's guilt at trial. Trial counsel's concession of the defendant's guilt is central to *McCoy*. *See McCoy*, 138 S. Ct. at 1507, 1509 (addressing the issue of "whether it is unconstitutional to

---

1. At the time of Merck's trial, voluntary intoxication was a defense to specific-intent crimes. *See Gardner v. State*, 480 So. 2d 91, 92 (Fla. 1985). The Legislature has since abrogated this defense. § 775.051, Fla. Stat. (2019); ch. 99-174, § 1, Laws of Fla. (creating section 775.051, effective October 1, 1999).

allow defense counsel to concede guilt over the defendant's intransigent and unambiguous objection" and holding that if a defendant "expressly asserts that the objective of '*his* defence' is to maintain innocence of the charged criminal acts, his lawyer must abide by that objective and may not override it by conceding guilt" (quoting U.S. Const. amend. VI)).  In Merck's case, as we have previously held, trial counsel "never admitted Merck's guilt in advancing the intoxication theory." *Merck IV*, 124 So. 3d at 794.  Because the record conclusively establishes that Merck is not entitled to relief, we affirm the circuit court's order.

It is therefore unnecessary to address the circuit court's ruling that Merck's motion was untimely under rule 3.851(d)(2)(B).

## CONCLUSION

For the foregoing reasons, we affirm the circuit court's order dismissing Merck's successive postconviction motion.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, and COURIEL, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Pinellas County,
     Nancy Moate Ley, Judge - Case No. 521991CF016659XXXXNO

Linda McDermott of McClain & McDermott, P.A., Estero, Florida,

     for Appellant

Ashley Moody, Attorney General, Tallahassee, Florida, and Stephen D. Ake, Senior Assistant Attorney General, Tampa, Florida,

    for Appellee